# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNIFYSCC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SARA H. CODY, et al., <br><br> Defendants. | Case No. 22-cv-01019-BLF <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** <br><br> [Re: ECF No. 21] |

This case challenges Santa Clara County's policy requiring that certain of its workers receive vaccinations protecting against COVID-19 as a condition of their employment. Plaintiffs UnifySCC, an unincorporated association of employees subject to that policy, and Tom Davis and Maria Ramirez, County employees and two of the association's members, sue the County and some of its officials over the multi-tiered system that the County uses to determine who must get vaccinated, what exemptions it grants, and what alternative arrangements (if any) it makes for those employees granted exemptions. Plaintiffs allege that the County violated the First Amendment, Fourteenth Amendment, and California employment law by making alternative arrangements for high-risk employees with medical exemptions, while denying alternative arrangements to high-risk employees with religious exemptions and placing them on unpaid leave.

Before the Court is Plaintiffs' motion for a temporary restraining order. ECF No. 21 ("TRO"). Plaintiffs seek an order restraining the County from enforcing its vaccine policy against them or subjecting them to any adverse action based on their refusal to take the vaccine. *See id.* at 1. Defendants oppose the motion. ECF No. 24 ("Opp."). The Court finds this matter suitable for disposition without oral argument and VACATES the March 10, 2022 hearing. *See* Civ. L.R. 7-

1(b).  Plaintiffs' motion for a temporary restraining order is DENIED.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

The Court finds that Plaintiffs are not entitled to a temporary restraining order because they have unnecessarily delayed seeking this relief.  Temporary restraining orders are reserved for "emergency situations." *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 20 n.33 (1980).  "Parties facing the threat of immediate and irreparable harm generally seek a restraining order as quickly as possible." *Lee v. Haj*, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016).  Accordingly, "[a] plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying motion for temporary restraining order where plaintiff waited "a full month" after the issuance of the challenged city resolution to seek a TRO).  Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny temporary relief based on delays of as little as ten days. *See Oracle Am., Inc. v. Myriad Grp. AG*, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021) (three-and-a-half month delay); *Devashayam v. DMB Capital Grp.*, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (one-month delay); *Lee*, 2016 WL 8738428, at *2 (one-month delay);

2

*Altman v. County of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (ten-day delay).

Here, Plaintiffs waited much longer to seek a temporary restraining order. On August 5, 2021, the County issued the relevant order, which Plaintiffs allege said that the County would "require all County employees to be vaccinated or request an exemption by August 20, 2021." ECF No. 1 ("Compl.") ¶ 21; *see also id.* Ex. A at 2 (stating that by August 20, 2021, all County personnel "must be partially or fully vaccinated or must have submitted a request for an exemption"). Plaintiffs did not file their complaint in this case until February 18, 2022, nearly six and a half months after the policy was issued. And they did not seek a TRO until two weeks after that on March 3, 2022, two days short of seven months after the issuance of the policy. While the County further clarified the policy since August 2021,[1] neither undermined the implications of the original policy—that County employees would be required to be receive COVID-19 vaccinations as a condition of their employment absent an exemption and that only employees qualifying for medical exemption would be eligible for accommodation. Plaintiffs were on notice seven months before filing their TRO that they would be subject to the policy. Any delay due to seeking counsel or forming the unincorporated association UnifySCC, *see* Opp. at 4; Gondeiro Decl., ECF No. 21-1, ¶ 2, only undermines the purported urgency in Plaintiffs' request. Their delay in seeking the "extraordinary remedy" of temporary injunctive relief counsels against a finding of "immediate and irreparable harm" and is thus grounds alone for denying the motion. *See Winter*, 555 U.S. at 22; *Perez*, 2021 WL 3934327, at *1.

Because Plaintiffs' request for a temporary restraining order is untimely, the Court need not reach the merits of whether the County's vaccination policy violates the First Amendment, Fourteenth Amendment, or California's Fair Employment and Housing Act. Plaintiffs are also seeking a preliminary injunction against the County policy. *See* TRO at 1; *see also id.* at "Notice of Motion" (noticing a June 23, 2022 hearing). It is when the Court considers that motion—after the opportunity for full briefing—that the Court will consider the policy itself.

---

[1] *See* Compl. Ex. C (December 28, 2021 health order requiring "up-to-date vaccination," including boosters, "for workers in certain higher-risk settings" by January 24, 2022).

Accordingly, Plaintiffs' motion for a temporary restraining order is DENIED. Defendants are ORDERED TO SHOW CAUSE on **June 23, 2022 at 9:00 a.m.** why they should not be preliminarily enjoined pending litigation of this action. Plaintiffs' motion for a preliminary injunction shall be filed **no later than April 1, 2022**. Defendants' opposition shall be filed **no later than April 29, 2022**. Plaintiffs may file a reply brief **no later than May 13, 2022**.

Dated: March 8, 2022

*(signature)*

BETH LABSON FREEMAN
United States District Judge