Robert H. Tyler, Esq., CA Bar No. 179572
btyler@faith-freedom.com
Mariah Gondeiro, Esq. CA Bar No. 323683
mgondeiro@faith-freedom.com
Nate Kellum, Esq. (*Pro Hac Vice*)
nkellum@faith-freedom.com
ADVOCATES FOR FAITH AND FREEDOM
25026 Las Brisas Road
Murrieta, California 92562
Telephone:     (951) 600-2733
Facsimile:     (951) 600-4996

Attorneys for **Plaintiffs** and **The Class**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **UNIFYSCC**, an unincorporated California association on behalf of employees in Santa Clara County; **TOM DAVIS**, individually, and on behalf of all others similarly situated; **MARIA RAMIREZ**, individually, and on behalf of all others similarly situated; **ELIZABETH BALUYUT**, individually, and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> **SARA H. CODY**, in her official capacity as the Santa Clara County Public Health Officer; **JAMES WILLIAMS**, in his official capacity as the County Counsel of Santa Clara County; **JEFFREY SMITH**, in his official capacity as the County Executive of Santa Clara County; and **SANTA CLARA COUNTY**; <br><br> Defendants. | Case No. 22-cv-01019 BLF <br><br> **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1.      In early 2020, the world discovered a novel coronavirus, COVID-19. Governments responded with unprecedented restrictions on freedom. They closed schools and shut down industries. They banned travel and prosecuted churches. They decided which activities were "essential" and which were not.

1

2.     Many of these orders started in Santa Clara County (the "County"). Indeed, Santa Clara County Counsel James Williams and Health Officer Dr. Sara Cody take credit for the first lockdown.

3.     During 2020, several experimental vaccines were developed to help limit the effects of COVID-19. They were developed quickly to protect those who are at highest risk of getting seriously ill from COVID-19, especially the elderly and those with multiple co-morbidities. However, government officials now admit that vaccinated people can contract and transmit COVID-19. Many fully vaccinated and fully boosted people have fallen ill with COVID-19.

4.     Nevertheless, in response to the spread of Omicron and other variants, Defendants ordered that all workers in high-risk settings in Santa Clara County get the COVID-19 shots plus the most recent boosters.

5.     Defendants have the sole authority to enforce COVID-19 mandates and policies in the county and retain the discretion to exempt anyone from their policies or amend their policies at any time.

6.     Plaintiffs are county employees whom Defendants have determined work in "high-risk" positions but whose religious beliefs prevent them from taking the COVID-19 vaccine or booster. They have requested a religious exemption and accommodation, but instead of engaging in good faith negotiations to determine a *reasonable* accommodation, Defendants have relegated Plaintiffs to unpaid leave and stripped them of their employment benefits. By contrast, Defendants have offered reasonable accommodations to similarly situated employees with medical exemptions, such as transfers and reassignments. Defendants have also allowed some unvaccinated employees to work in high-risk settings.

7.     This action seeks injunctive and declaratory relief and damages related to the County's vaccine orders and policies that have nullified California's Fair Employment and Housing Act (FEHA) and Title VII of the Civil Rights Act of 1964 ("Title VII") and deprived at least dozens of employees of their rights to free exercise of religion and equal protection of the law.

**PARTIES – PLAINTIFFS**

8.     Plaintiff UNIFYSCC is a California unincorporated association comprised of employees within Santa Clara County who are subject to the County's vaccine orders and policies. These

employees have been relegated to unpaid leave and/or stripped of employment benefits because of their unwillingness to take the COVID-19 vaccine or COVID-19 booster. The members' sincerely held religious beliefs have been approved, but they have not been granted a reasonable accommodation because they work in what Defendants have determined to be "high-risk" job settings. UnifySCC is committed to promoting medical freedom and defending employees' constitutional rights.

9.    Plaintiff TOM DAVIS resides in Alameda County and is a member of UnifySCC. He worked for Facilities and Fleet in the County, and his specific duties involved maintaining and troubleshooting the air conditioning equipment across the County. He was placed on unpaid leave because he did not take the COVID-19 vaccine even though he received a religious exemption.

10.    Plaintiff MARIA RAMIREZ resides in Santa Clara County and is a member of UnifySCC. She is a registered nurse at Santa Clara Valley Medical Center which is part of the Santa Clara Health System. She was placed on unpaid leave because she did not take the COVID-19 vaccine. She has sincerely held religious beliefs that prevent her from taking the vaccine and received a religious exemption.

11.    Plaintiff ELIZABETH BALUYUT resides in Santa Clara County and is a member of UnifySCC. She is also a registered nurse. Like Tom Davis and Maria Ramirez, Ms. Baluyut did not take the COVID-19 vaccine because it violates her sincerely held religious beliefs. Defendants relegated her to unpaid leave even though she received a religious exemption.

12.    Plaintiffs TOM DAVIS, MARIA RAMIREZ, and ELIZABETH BALUYUT are hereinafter referred to as "Individual Plaintiffs" or "Class Representatives."

**PARTIES – DEFENDANTS**

13.    Defendant SARA H. CODY, M.D. is the Public Health Officer for Santa Clara County, California and is sued in her official capacity and individually. She promulgated Santa Clara County's health orders and guidelines, including the vaccine orders and policies challenged herein. Dr. Cody also has the authority to declare and end the state of emergency in the County related to COVID-19.

14.    Defendant JAMES WILLIAMS is the County Counsel of Santa Clara County, California and is sued in his official capacity and individually. He is charged with enforcing the County's public health orders and as alleged below, helped promulgate the challenged vaccine orders and policies.

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

15.    Defendant JEFFREY SMITH is the County Executive of Santa Clara County, California and is sued in his official capacity and individually. He is charged with enforcing the County's vaccine policies.

16.    Defendant COUNTY OF SANTA CLARA is a municipal organization formed under the laws of the State of California. It is sued herein based on the actions of Defendants as final policymakers.

## JURISDICTION AND VENUE

17.    This civil rights action arises under the First and Fourteenth Amendments to the United States Constitution and state law.

18.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

19.    This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

20.    This Court has authority to grant the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure. This Court is also authorized to grant injunctive relief and damages under 28 U.S.C. § 1343, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and under state law.

21.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)–(2) because all Defendants are situated in this judicial district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL BACKGROUND

A.    **Santa Clara County's Vaccine Policies and Orders**

22.    On August 5, 2021, County Executive Jeffrey Smith, and County Counsel James Williams, as ratified by Dr. Sara Cody, issued a policy requiring all County employees to be vaccinated or to request an exemption by August 20, 2021. County employees who are allowed to apply for an accommodation pursuant to the policy include employees who (1) have a contraindication recognized by the Center for Disease Control (CDC), (2) have a disability, or (3) have a sincerely held religious

belief, practice, or observance that prevents them from getting the vaccine. A true and correct copy of the August 5, 2021, policy is attached hereto as **Exhibit A.**

23.    Defendants created a risk tier system that classified employees as low risk, intermediate risk, and high risk ("Risk Tier System"). Defendants considered the following factors: "the nature of contact an employee has with others and risks posed to vulnerable populations served by the County; the risk posed to persons at serious risk of illness and death from COVID-19; the risk posed to employees; the risk of COVID-19 outbreaks in the work setting; and the essential job functions the employees must perform with or without accommodations." A true and correct copy of the Frequently Asked Questions from the Office of the County Executive is attached hereto as **Exhibit B**.

24.    County employees classified as low risk purportedly have minimal contact with the public, as determined by Defendants. Unvaccinated employees in this tier must wear a surgical mask or more protective mask while working and must test and report their COVID-19 tests weekly.

25.    County employees classified as intermediate risk include, but are not limited to, carpenters, roofers, locksmiths, employment counselors, and managers. Unvaccinated workers in this tier must wear an N95 mask and take specific COVID-19 tests twice a week.

26.    High-risk employees include, but are not limited to, social workers, registration clerks, ultrasound technicians, protective services officers, nurses, firefighters, doctors, electricians, plumbers, and probation counselors. Unvaccinated workers in high-risk roles cannot continue to work if they remain unvaccinated even if they receive a religious exemption.

27.    On December 28, 2021, Dr. Sara Cody issued a health order ("Vaccine Order") requiring up-to-date vaccination for all workers in specific high-risk settings in Santa Clara County (i.e., both fully vaccinated and boosted against COVID-19 if eligible for a booster) by January 24, 2022. A true and correct copy of the Vaccine Order is attached hereto as **Exhibit C.** The Vaccine Order did not provide an exemption.

28.    The higher risk settings include skilled nursing facilities, healthcare delivery facilities, jails, and other correctional facilities, medical first responders, and workers who interact with the aforementioned facilities, such as firefighters.

29.     On January 22, 2022, Santa Clara County issued a directive establishing a limited waiver process ("Waiver Order") for implementation of the Vaccine Order. The waiver was available to entities facing critical staffing shortages and applied to personnel who received a bona fide medical and/or religious exemption and who followed specific safety protocols. A true and correct copy of the Waiver Order is attached hereto as **Exhibit D.**[1]

30.     Pursuant to the Waiver Order, "the waiver [was] acknowledged and granted upon receipt, but [was] subject to revocation."

31.     On March 7, 2022, the County issued an order amending its December 28, 2021, order to allow unvaccinated employees in high-risk settings to obtain a religious and/or medical exemption.

32.     Plaintiffs each have a sincerely held religious belief that prevents them from receiving a COVID-19 vaccine or booster. Some members of UnifySCC object to the COVID-19 vaccines because they employ fetal cell lines derived from procured abortion in testing, development, or production of the vaccines. These members oppose abortion under any circumstances, as they believe that abortion is murder, and thus they oppose the use of abortion-derived fetal cell lines for medical purposes and abortion-derived fetal stem cell research.

33.     Some members also have sincerely held religious beliefs, rooted in Scripture, that their bodies are temples of the Holy Spirit and that they cannot place a pharmaceutical substance into their temples without confirmation and conviction from the Holy Spirit.

34.     Plaintiffs believe that they must conform their lives, including their decisions relating to medical care, to the commands and teachings of their faith. All members have the common conviction that taking the COVID-19 vaccine would create a conflict with and be in violation of their sincerely held religious beliefs.

35.     Plaintiffs' respective employers within the County, as ratified by Defendants, failed to offer Plaintiffs reasonable accommodation. The only options provided to Plaintiffs were to be placed on unpaid leave or to apply to a completely different position within the County.

---

[1] The Vaccine Order, Waiver Order, Risk Tier System, and other vaccine-related policies and orders issued by Defendants during the pendency of this lawsuit are hereinafter collectively referred to as the "vaccine policies and orders."

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

36.    Neither the employers nor Defendants engaged in negotiations to determine whether reasonable accommodations were available such as weekly testing, teleworking, reassignment, working a modified shift, or requiring employees to wear an N95 mask.

37.    Before the Court intervened on June 30, 2022, by issuing a preliminary injunction, the County did not make efforts to accommodate employees with religious exemptions in the same manner as employees with medical exemptions.

38.    Indeed, the Equal Opportunity Division ("EOD") within the Office of the County Counsel, as ratified by Defendants, informed an employee via email that employees with medical exemptions were given priority.

39.    Specifically, a member of UnifySCC asked the EOD to assist her in finding a new job and emphasized that the lack of assistance from the EOD, along with the lack of communication, did not amount to a good faith effort to effectuate a reasonable accommodation. In response, the EOD emailed the employee the following: "Religious exemption is not part of the reasonable accommodation process, we are not placing you, just helping you through the recruitment process. Only medical is part of Reasonable Accommodation and you would work directly with the EOD." A true and correct copy of this email is attached hereto as **Exhibit E**.

40.    The County helped place or transfer employees with medical exemptions. However, as reiterated in an email to another member of UnifySCC, the County did not place employees with religious exemptions but helped them "identify other positions they may apply for that may be low or intermediate risk." This could result in a "demotion" or "probation." A true and correct copy of this email is attached hereto as **Exhibit F**.

41.    UnifySCC filed a complaint with FEHA. UnifySCC received a "Right to Sue" letter from FEHA.

42.    The Individual Plaintiffs also filed complaints with the Equal Employment Opportunity Commission ("EEOC"). The complaints have been processed by the EEOC and sent to the Department of Justice ("DOJ"). The DOJ is preparing right to sue letters.

43.    On June 30, 2022, this Court granted a preliminary injunction preventing Defendants "from giving employees whose current positions are in high-risk tiers any priority consideration for

7

vacant County positions based on the type of exemption from the County's vaccine mandate that the employee received."

44.    On information and belief, Defendants have responded to the preliminary injunction by no longer providing transfers or reassignments to employees with medical and/or religious exemptions. Instead, unvaccinated employees with exemptions must apply for a new position.

45.    Defendants are able to offer reassignments and transfers to Plaintiffs and similarly situated employees. Indeed, some county departments are short-staffed.

**B.    Defendants' Vaccine Policies and Orders Are Not Congruent with Their Interest in Slowing the Spread of COVID-19**

46.    The CDC has conceded that the COVID-19 vaccines are not bulletproof at preventing COVID-19 transmission or infection.

47.    The vaccinated can infect the unvaccinated, and the unvaccinated can infect the vaccinated.

48.    Further, the CDC has also informed the public that it is not aware of how long protection lasts for those who are vaccinated.

49.    However, those who recover from COVID-19 infection possess immunity as robust and durable (or more) as that acquired through vaccination. The existing clinical literature overwhelmingly indicates that the protection afforded to the community from natural immunity is at least as effective and durable as the efficacy levels of the most effective vaccines to date.

50.    Any policy regarding vaccination that does not recognize natural immunity is irrational, arbitrary, and counterproductive to community health.  Many UnifySCC members have acquired natural immunity, but the County still relegated them to unpaid leave.

51.    The County's vaccine orders and policies are also arbitrary because they are not enforced equally. For instance, the County has allowed some high-risk unvaccinated and/or non-boosted employees to work beyond the immunity period when immunity no longer exists.

52.    Indeed, some unvaccinated employees in high-risk settings worked with other individuals within six feet of distance, such as correctional deputies. The correctional deputies worked in a COVID-19 unit where they were exposed to around seventy inmates infected with COVID-19.

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

53.    Even if Defendants assert and can prove that vaccinations reduce infection and transmission, the policies are not narrowly tailored to prevent infringement of First and Fourteenth Amendment rights.

54.    The County contends the vaccines are necessary in high-risk settings, but there is no evidence (not conclusory theories) that high-risk employees are more likely to contract or spread COVID-19 than intermediate-risk employees.

55.    There is no evidence that social distancing and/or N95 masks do not limit the spread of COVID-19 to the same extent as the COVID-19 vaccines. Finally, the vaccine policies and orders are not narrowly tailored insofar as they have not been enforced equally and consistently.

## CLASS ALLEGATIONS

56.    The Individual Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class defined as:

> All individuals who: 1) work or worked for the County and/or are or were subject to its vaccine policies and orders, including the Risk Tier System; 2) were forced by the County to choose between taking the vaccine to maintain their jobs and/or their employment-related benefits or being placed on unpaid leave; 3) are, or have been, classified as working in high risk jobs pursuant to the County's Risk Tier System; and 4) received, or will receive, a religious exemption from the County (the "Class").

57.    The Class period is the period commencing February 18, 2021, and, continuing until the date on which the relief sought herein is granted.

58.    The Class is so numerous that joinder of all Class members would be impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time and can only be ascertained from records maintained by the County, it is believed that there are currently at least fifty-eight members of the Class.

59.    The Individual Plaintiffs' claims are typical of the claims of the members of the Class, since all members of the Class were subjected to the unlawful conduct alleged herein in violation of the First and Fourteenth Amendments to the United States Constitution, FEHA and Title VII.

60.    Individual Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel competent and experienced in class action litigation and civil

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

rights litigation, and Individual Plaintiffs have no interests antagonistic to or in conflict with the other members of the Class. Individual Plaintiffs are also represented by an organization with a long history of defending First Amendment rights.

61.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Joinder of all the Class members is impracticable. The likelihood of individual Class members prosecuting separate claims is remote. It is desirable for all concerned to concentrate this litigation in this particular forum. No unusual difficulties are likely to be encountered in the management of this class action.

62.    There are common questions of law and fact common to the members of the Class which predominate over any questions affecting any individual Class members. These common questions include, but are not limited to, the following:

a.    Whether Defendants violated Plaintiffs' right to free exercise and equal protection of the law by prioritizing medical exemptions over religious exemptions in high-risk settings;

b.    Whether Defendants' Risk Tier System violates the Free Exercise Clause and Equal Protection Clause because it relegates Plaintiffs and the Class members to unpaid leave but allows some unvaccinated or non-boosted employees to continue to work;

c.    Whether the County's religious exemption and/or accommodation procedure is either non-neutral or not generally applicable such that it constitutes an individualized assessment under Fulton v. City of Phila., Penn., 141 SS. Ct. 1868 (2021), and is thereby subject to strict scrutiny; and

d.    Whether Defendants provided Individual Plaintiffs and the Class members with reasonable accommodation as required under FEHA and Title VII.

## FIRST CAUSE OF ACTION

### Violation of the Free Exercise Clause of the

### First Amendment to the United States Constitution

### (42 U.S.C. § 1983)

63.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 62 as if fully set forth herein.

64.     The First Amendment's Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof."

65.     Defendants' vaccine orders and policies, on their face and as applied, violate Plaintiffs' First Amendment right to free exercise of religion because they put Plaintiffs to the choice of either violating their religious beliefs or losing their jobs. In short, the vaccine orders and policies substantially interfere with Plaintiffs' free exercise of religion.

66.     Defendants' vaccine orders and policies, on their face and as applied, are not generally applicable because, as the Supreme Court recently reaffirmed, a policy that provides a "mechanism for individualized exemptions" is not generally applicable. *Fulton*, 141 S. Ct. at 1877.

67.     Here, Defendants' vaccine orders and policies provide medical and religious exemptions and accommodations on an individualized basis, and Defendants maintain the right to extend exemptions in whole or in part. When granting a provisional exemption, the County relies on its discretion to determine whether an employee has a sincerely held religious belief or a political objection. Furthermore, the County (i.e., the EOD) also has discretion to determine the type of accommodation an employee receives. There is no particularized, objective criteria to guide the EOD. The policies are not generally applicable, and they must therefore survive strict scrutiny. *Id.* at 1881.

68.     Defendants' vaccine orders and policies were not neutral and generally applicable because, prior to Court intervention, they prioritized medical exemptions over religious exemptions.

69.     Defendants' Risk Tier System is not neutral and generally applicable because the County has allowed some "high risk" unvaccinated and/or non-boosted employees to maintain employment, including correctional deputies.

70.     Defendants' vaccine orders and policies fail strict scrutiny because they are not narrowly tailored to meet any compelling government interest.

71.     As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs and the Class members have suffered, and will suffer, irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally, Plaintiffs and the Class members are entitled to nominal damages, compensatory damages in an amount to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

1

## SECOND CAUSE OF ACTION

2

### Violation of California's Fair Employment and Housing Act

3

### (Cal. Gov't Code § 12940)

4        72.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs

5    1 through 71 as if fully set forth herein.

6        73.    FEHA makes it unlawful "[f]or an employer, because of the . . . religious creed . . . of

7    any person, to refuse to hire or employ the person or to refuse to select the person for a training program

8    leading to employment, or to bar or to discharge the person from employment or from a training program

9    leading to employment, or to discriminate against the person in compensation or in terms, conditions,

10    or privileges of employment." Cal. Gov't Code § 12940(a).

11        74.    FEHA requires employers to reasonably accommodate an employee's religious beliefs

12    and practices.

13        75.    Defendants have discriminated against Plaintiffs.

14        76.    Defendants failed to engage in reasonable negotiations before Court intervention to

15    determine if transfers or reassignments were available.

16        77.    Even after Court intervention, Defendants have continued to fail to offer Plaintiffs

17    reasonable accommodations such as bi-weekly testing or requiring employees to wear masks.

18    Defendants cannot demonstrate that providing these accommodations would impose an undue burden.

19        78.    As a direct and proximate result of Defendants' violations of FEHA, Plaintiffs and the

20    Class members have suffered, and will continue to suffer, harm in the loss of their employment and/or

21    employment benefits, entitling them to declaratory and injunctive relief and damages.

22

## THIRD CAUSE OF ACTION

23

### Violation of the Equal Protection Clause of the

24

### Fourteenth Amendment to the United States Constitution

25

### (42 U.S.C. § 1983)

26        79.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs

27    1 through 78 as if fully set forth herein.

28

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

80.    The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs' right to equal protection of the law.

81.    Defendants' vaccine policies and orders, on their face and as applied, are an unconstitutional abridgement of Plaintiffs' right to equal protection.

82.    Defendants' vaccine policies and orders, on their face and as applied, create a system of classifications that improperly accommodates employees granted exemptions for their concerns with bodily health while denying exemptions or granting "provisional" exemptions to employees seeking to exercise their sincerely held religious beliefs.

83.    Defendants' Risk Tier System also violates the Equal Protection Clause because it allows some unvaccinated and/or non-boosted "high risk" employees to maintain employment.

84.    There is no rational, legitimate, or compelling interest in applying different requirements to similarly situated groups.

85.    As a direct and proximate result of Defendants' violation of the Fourteenth Amendment, Plaintiffs and the Class members have suffered, and will suffer, irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally, Plaintiffs and the Class members are entitled to nominal damages, compensatory damages in an amount to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

Violation **of the Establishment Clause of the First Amendment**

**to the United States Constitution**

**(42 U.S.C. § 1983)**

86.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 85 as if fully set forth herein.

87.    Defendants' policies, orders, and practice treat Plaintiffs as second-class employees because of their protected religious expression, beliefs, and conduct.

88.    Defendants initially and blatantly discriminated against employees who requested a religious exemption. Defendants had the ability to transfer or reassign employees with religious exemptions but chose not to. To comply with this Court's injunction, Defendants have denied all

13

1    employees automatic transfers and reassignments even though Defendants have the ability to offer these

2    accommodations to Plaintiffs and similarly situated employees. By doing so, they have demonstrated

3    hostility toward religion.

4        89.    As a direct and proximate result of Defendants' violation of the First Amendment,

5    Plaintiffs and the Class members have suffered, and will suffer, irreparable harm, including the loss of

6    their fundamental constitutional rights, entitling them to declaratory and injunctive relief. Additionally,

7    Plaintiffs and the Class members are entitled to nominal damages, compensatory damages in an amount

8    to be proven at trial, and attorneys' fees under 42 U.S.C. § 1988.

9                              **FIFTH CAUSE OF ACTION**

10                    Violation **of Title VII of the Civil Rights Act of 1964**

11                         **(42 U.S.C. § 2000e, *et seq.*).**

12        90.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs

13    1 through 89 as if fully set forth herein.

14        91.    Title VII of the Civil Rights Act of 1964 prohibits Defendants from discriminating

15    against its employees because of their sincerely held religious beliefs. *See* 42 U.S.C. § 2000e-2(a).

16        92.    Defendants have failed to engage in an interactive process with Plaintiffs to determine

17    if reasonable accommodations were or are available such as transfers or reassignments, bi-weekly

18    testing, or requiring employees to wear masks. Defendants cannot demonstrate that providing these

19    accommodations would impose an undue burden.

20        93.    As a direct and proximate result of Defendants' violations of Title VII, Plaintiffs have

21    suffered, and will suffer harm in the loss of their employment and/or employment benefits, entitling

22    them to declaratory and injunctive relief and damages.

23                              **SIXTH CAUSE OF ACTION**

24              **Deprivation of Civil Rights Under 42 U.S.C. § 1983 (*Monell*)**

25        94.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs

26    1 through 93 as if fully set forth herein.

27        95.    The unlawful actions carried out by Defendants, as alleged in the First through Third

28    Causes of Action, were carried out by individuals who sit at the top of their departments within the

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

County and who qualify as final policymakers under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

96.    Furthermore, the County's Risk Tier System, although distributed by County Counsel James Williams and County Executive Jeffrey Smith, was ratified by Dr. Sara Cody. Other departments within the County, such as the EOD, were directed by Defendants to prioritize medical exemptions over religious exemptions. Therefore, the County is liable for any damages that may be awarded against Defendants for their unlawful actions.

97.    Plaintiffs are also entitled to recover their costs and attorneys' fees under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated, respectfully request the Court enter judgment against Defendants as follows:

1.    Certifying the Class as requested herein, appointing Individual Plaintiffs as the class representatives and their undersigned counsel as class counsel to the Class, and requiring Defendants to bear the cost of class notice;

2.    Awarding nominal damages for violation of Plaintiffs' and the Class's civil rights;

3.    Awarding general damages in an amount to be determined by proof at trial;

4.    Entering a declaratory judgement that the County's vaccine orders and policies violate the Free Exercise Clause, Equal Protection Clause, Establishment Clause, FEHA and Title VII;

5.    Entering an order enjoining Defendants from enforcing the County's vaccine orders and policies and/or taking any adverse employment action against Plaintiffs based upon their refusal to take the COVID-19 vaccine or booster;

6.    Awarding attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and state law;

7.    Awarding pre-judgment and post-judgment interest at the legal rate; and

8.    Providing such further relief as the Court determines is just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

Dated:  August 19, 2022

/s/ Mariah Gondeiro, Esq.
Mariah Gondeiro
Attorney for **Plaintiffs** and **The Class**

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

1

**VERIFICATION**

2        I am an officer of UnifySCC, a California unincorporated association comprised of employees

3   within Santa Clara County, a party to this action, and authorized to make this verification for and on its

4   behalf, and I make this verification for that reason.

5        I am informed, believe and on that ground allege that the matters stated in the foregoing

6   **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND**

7   **INJUNCTIVE RELIEF AND DAMAGES**, are true.  The matters stated in the foregoing document

8   are true of my own knowledge except as to those matters which are stated on information and belief,

9   and as to those matters, I believe them to be true.

10        I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct.

12        Executed on _8/18/22_____, at Alameda, California.

13

14                                    **UNIFYSCC**

15

16                          By   _Tom Davis_____
                                 Tom Davis (Aug 18, 2022 23:48 CDT)

17                               Tom Davis, Officer

18

19

20

21

22

23

24

25

26

27

28

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

1

**VERIFICATION**

2     I have read the foregoing **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**

3  **FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** and know its contents.

4     I am a party to this action.  The matters stated in the foregoing document are true of my own

5  knowledge except as to those matters which are stated on information and belief, and as to those matters,

6  I believe them to be true.

7     I declare under penalty of perjury under the laws of the State of California that the foregoing is

8  true and correct.

9     Executed on __8/18/22__, at Alameda, California.

10

11     Tom Davi
       Tom Davis (Aug 18, 2022 23:48 CDT)

12     Tom Davis/

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I have read the foregoing **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___August 19,2022___, at Santa Clara County, California.

Maria Ramirez (Aug 19, 2022 09:41 PDT)

Maria Ramirez

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

**VERIFICATION**

I have read the foregoing **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _EB_____, at Santa Clara County, California.

Elizabeth Baluyut (Aug 18, 2022 12:11 PDT)
_____
Elizabeth Baluyut

VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 22-cv-01019-BLF

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2022, I electronically filed the **VERIFIED FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** with the clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on August 23, 2022, at Murrieta, California.


/s/ Mariah R. Gondeiro
Mariah R. Gondeiro