JAMES R. WILLIAMS, County Counsel (S.B. #271253)
BRYAN K. ANDERSON, Deputy County Counsel (S.B. #170666)
H. LUKE EDWARDS, Deputy County Counsel (S.B. #313756)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San José, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
bryan.anderson@cco.sccgov.org
luke.edwards@cco.sccgov.org

Attorneys for Defendants
COUNTY OF SANTA CLARA, SARA H. CODY,
JAMES WILLIAMS, and JEFFREY SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San José Division)

| | |
|---|---|
| UNIFYSCC, an unincorporated California association on behalf of employees in Santa Clara County; TOM DAVIS, an individual; and MARIA RAMIREZ, an individual, and on behalf of all others similarly situated; ELIZABETH BALUYUT, individually, and on behalf of all others similarly situated;<br><br>        Plaintiffs,<br><br>v.<br><br>SARA H. CODY, in her official capacity as the Santa Clara County Public Health Officer; JAMES WILLIAMS, in his official capacity as the County Counsel of Santa Clara County; JEFFREY SMITH, in his official capacity as the County Executive of Santa Clara County; and SANTA CLARA COUNTY,<br><br>        Defendants. | No. 22-CV-01019 BLF<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

      Defendants County of Santa Clara ("County"), Sara H. Cody, James Williams, and Jeffrey Smith, answer the Complaint for Declaratory and Injunctive Relief and Damages (hereinafter "Complaint") and allege as follows:

//

1. Defendants admit that the COVID-19 pandemic was a worldwide health emergency and that numerous governmental entities responded to contain the pandemic and save lives, including the County. Defendants further admit that COVID-19 vaccines were developed and approved for use in the United States and elsewhere. Defendants further admit that the County and the Public Health Officer for the County responded to contain the COVID-19 pandemic and save lives through vaccination policies and health orders. Defendants further admit that Plaintiffs sought and were granted religious exemptions to COVID-19 vaccination pursuant to the County's policy. The remaining allegations in paragraphs 1 through 7 constitute an incomplete summary of vaccine development, approval, and efficacy and the County's vaccination and accommodation policy and practices, and are legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

2. Defendants admit that plaintiff Davis is employed by the County as an HVAC/R technician and that plaintiffs Ramirez and Baluyut are each employed by the County as a registered nurse. Defendants further admit that Plaintiffs each sought and received a religious exemption to the County's vaccination policy, and that they were accommodated through a leave of absence. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraphs 8 through 12 of the Complaint, and on that basis deny each and every remaining allegation contained in these paragraphs.

3. Defendants admit that Sara Cody is the Public Health Officer, James Williams is the County Counsel, and Jeffrey Smith is the Chief Executive for the County. The remaining allegations in paragraphs 13 through 15 constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

4. Defendants admit that the County of Santa Clara is a charter county formed under the laws of the State of California. The remaining allegations in Paragraph 16 constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

//

5. The allegations in paragraphs 17 through 21 constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

6. Defendants admit that the County issued a vaccination policy on August 5, 2021, that this policy provided for exemptions for medical contraindications, disability, and religious belief, that exempted employees are accommodated by the County, and that Exhibits A and B to the Complaint are copies of memoranda issued by the County concerning the policy, which documents speak for themselves. The remaining allegations in paragraph 22 through 26 constitute an incomplete summary of the County's vaccination and accommodation policy and practices, and are legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

7. Defendants admit that the County's Public Health Officer issued a health order on December 28, 2021, and that Exhibit C is a copy of a press release issued by the County concerning this order, which document speaks for itself. The remaining allegations in paragraphs 27 and 28 constitute an incomplete summary of this order and legal conclusions, and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

8. Defendants admit that the County established a waiver process concerning the December 28, 2021 vaccination health order, and that Exhibit D is a memorandum issued by the County concerning this waiver process, which document speaks for itself. The remaining allegations in paragraphs 29 and 30 constitute an incomplete summary of the County's vaccination and accommodation policy and practices, and are legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

9. Defendants admit that the County's Public Health Officer issued a health order on March 7, 2022. The remaining allegations in paragraph 31 constitute an incomplete summary of the Health Order and the County's vaccination and accommodation policy and practices, and are legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but

to the extent they are deemed factual allegations they are denied

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 32 through 34 of the Complaint, and on that basis deny each allegation contained in these paragraphs.

11. Defendants admit that the County accommodated employees exempted from the vaccination policy. Defendants deny that employees with religious exemptions were discriminated against or excluded from available accommodations. The remaining allegations in paragraphs 35 through 40 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 41 and 42 of the Complaint, and on that basis deny each and every allegation contained in this paragraph.

13. Defendants admit that on June 30, 2022, the Court issued an order granting in part and denying in part a motion for preliminary injunction, which order speaks for itself. The remaining allegations in paragraphs 43 through 45 constitute an incomplete summary of the order and Defendants compliance, and are legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

14. Defendants admit that the Centers for Disease Control and Prevention (CDC) has provided guidance concerning the benefits and risks of approved vaccines to prevent illness, injury, and death from COVID-19. The remaining allegations in paragraphs 46 through 50 constitute an incomplete summary of CDC guidance, public health data, and the efficacy of vaccination, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

15. The allegations in paragraphs 51 through 62 constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

16. The allegations in paragraphs 63 through 71 constitute an incomplete summary of the County's accommodation policy and practices and supporting evidence, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

17. The allegations in paragraphs 72 through 78 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

18. The allegations in paragraphs 79 through 85 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied

19. The allegations in paragraphs 86 through 89 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

20. The allegations in paragraphs 90 through 93 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

21. The allegations in paragraphs 94 through 97 constitute an incomplete summary of the County's accommodation policy and practices, and constitute legal conclusions and/or arguments, not facts, and, thus, Defendants are not required to admit or deny but to the extent they are deemed factual allegations they are denied.

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

22. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that this

Court has no jurisdiction over the subject of the causes of action alleged in the First Amended Complaint, and each cause of action, against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure To State a Claim)

23. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that neither the First Amended Complaint nor any of its purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

24. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action, Defendants allege that Plaintiffs' First Amended Complaint, and each cause of action, is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
#### (Actual Cause)

25. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that the acts alleged in the First Amended Complaint, on the part of these answering Defendants, did not actually cause the injuries complained of by Plaintiffs. As such, these answering Defendants are not liable for the injuries complained of herein.

### FIFTH AFFIRMATIVE DEFENSE
#### (Good Faith)

26. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that neither the First Amended Complaint nor any of its purported causes of action state a claim upon which relief can be granted because at all times Defendants acted within the scope of their discretion, with due care and in good faith fulfillment of their responsibilities pursuant to applicable statutes, rules, regulations and practices, within the bounds of reason under all the circumstances known to them,

and with a good faith belief that their actions comported with all applicable federal and state laws.

## SIXTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

27.   As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that any acts on the part of these answering Defendants, or their employees, if any there may have been, were discretionary, and not ministerial in nature.  As such, these answering Defendants are not liable for the injuries complained of herein.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Violation of Rights)

28.   As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants deny that they have deprived the Plaintiffs of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United States or by the laws or Constitution of the State of California.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate)

29.   As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs have failed to mitigate any or all of the damages alleged in the First Amended Complaint and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise Plaintiffs' part.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

30.   As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs are barred from obtaining injunctive relief or other equitable relief by reason of the doctrine of laches.

//

## TENTH AFFIRMATIVE DEFENSE

### (Exhaustion Of Administration Remedies)

31. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that each and every cause of action of the First Amended Complaint is barred in that Plaintiffs have failed to exhaust their administrative remedies, including but not limited to statutory remedies, remedies provided by any applicable court order, and by any applicable collective bargaining agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with State and Federal Law)

32. As and for a separate and affirmative defense to the First Amended Complaint on file herein, these answering Defendants allege that all actions taken by them (and/or their employees) comported with all state and federal law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Policy, Custom or Practice)

33. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that they have no policy, custom or practice which violates any person's civil rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Established Rights)

34. As a separate and affirmative defense to the First Amended Complaint, these answering Defendants allege that at the time of the events alleged by Plaintiffs there were not clearly established constitutional or statutory rights of which the answering Defendants knew, or should have known, which required these answering Defendants to act differently. These answering Defendants therefore allege that they are immune from liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Protected Activity)

35. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants alleges that

Plaintiffs were not subjected to any adverse employment action related to any protected activity in which Plaintiffs may have engaged.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Reasonable Accommodation)**

36. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that accommodations sought by Plaintiffs were provided and any other accommodations sought would impose an undue hardship on defendants in that such accommodations would be burdensome and negatively impact the operation of the business.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Policies Prohibiting Discrimination and Retaliation)**

37. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that the County and its agents have established and enforced, at all relevant times, policies prohibiting discrimination and retaliation, and that Defendants and their agents took all reasonable steps to prevent and/or promptly remedy any discrimination or retaliation, if in fact any such conduct ever occurred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

38. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs lack standing to maintain the present action or to obtain relief herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

39. As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs have adequate remedies at law and are therefore not entitled to equitable relief herein on any cause of action alleged.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(No Irreparable Harm)**

40.     As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that the acts and omissions alleged herein will in no manner cause irreparable harm to Plaintiffs herein.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Ripeness)**

41.     As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs' claims are barred by the doctrine of ripeness.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Mootness)**

42.     As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege that Plaintiffs' claims are moot in whole or part.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Civil Code § 47)**

43.     As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege Plaintiff's First Amended Complaint, and each cause of action, is barred by the privileges contained in Civil Code § 47.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

44.     As a separate, distinct, and affirmative defense to the First Amended Complaint, and to each and every cause of action contained therein, these answering Defendants allege Plaintiff's Plaintiffs are estopped by Plaintiffs' own conduct from asserting any cause of action against Defendants.

//

WHEREFORE, Defendants prays as follows:

1. That Plaintiffs take nothing by their First Amended Complaint;

2. That Plaintiffs' First Amended Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit incurred herein including attorney's fees; and

4. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury in this matter.

Dated:  September 23, 2022                    Respectfully submitted,

JAMES R. WILLIAMS
COUNTY COUNSEL

By: */s/ Bryan K. Anderson*
BRYAN K. ANDERSON
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, SARA H. CODY, JAMES WILLIAMS, and JEFFREY SMITH

2700414