UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SARA H. CODY, et al.,<br><br>　　　　Defendants. | Case No.  22-cv-01019-BLF<br><br>**ORDER RE: ADMINSTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re:  ECF No. 80] |

Before the Court is Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with their Motion to Certify Class.  ECF No. 80. Defendant County of Santa Clara ("County") filed a statement in support of sealing certain exhibits.  ECF No. 84.  The Court has considered the motion, and its ruling is laid out below.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2   alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3   requires the moving party to provide "evidentiary support from declarations where necessary."
4   Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5   material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.     DISCUSSION

This Court has previously determined that the compelling reasons standard applies to motions to seal documents relating to class certification. *See, e.g.*, *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2022 WL 847309, at *1 (N.D. Cal. Mar. 22, 2022); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020); *Yan Mei Zheng-Lawson v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 3413253, at *2 (N.D. Cal. July 29, 2019).

In Plaintiffs' administrative motion to consider whether another party's material should be sealed, they identify the highlighted portions of their motion to certify class and certain exhibits attached to that motion as containing information that Defendants have designated as confidential. ECF No. 80 at 2. The County filed a statement in support of sealing the highlighted portions of Exhibit V (ECF No. 80-3) and the first two columns of Exhibit O (ECF No. 81-16). ECF No. 84 at 2. The County clarified that it did not designate as confidential Exhibit K (ECF No. 80-2) and that Exhibit K may be filed on the public docket. Similarly, the County did not offer justification

1   for sealing the highlighted portions of Plaintiffs' motion to certify class, ECF No. 80-1; the
2   County's proposed order does not include the motion to certify class, *see* ECF No. 84-2; and the
3   Court notes that the highlighted portions of the motion to certify class reference information from
4   Exhibit K.  As such, the Court will DENY the motion to the extent that it requests sealing Exhibit
5   K (ECF No. 80-2) and Plaintiffs' motion to certify class (ECF No. 80-1).

6   The County seeks to seal the highlighted portions of Exhibit V (ECF No. 80-3), which
7   contain employee numbers referenced in the Expert Declaration of Mr. Keith L. Mendes.  ECF
8   No. 84 at 3.  The County also seeks to seal the employee numbers and names in Exhibit O (ECF
9   No. 81-16), which is a spreadsheet containing information about employees including job
10  classification, accommodations, and employment status.  *Id.*  The County argues that this
11  information is personally identifiable information that other courts have found compelling reasons
12  to seal.  *Id.* 2–3.

13  The Court agrees.  Other courts have found compelling reasons to seal personally
14  identifiable information, such as names, addresses, phone numbers, and email addresses.  *See, e.g.*,
15  *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May
16  14, 2021) (collecting cases); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-
17  HSG, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of
18  nonparty family members).  Employee identification numbers are personally identifiable
19  information that can be used to obtain other sensitive information, such as an employee's income,
20  leave status, exemption status, and vaccination status.  ECF No. 84-3; *see also Regents of Univ. of
21  California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686-WHO, 2021 WL 4133869, at *11
22  (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers).
23  Moreover, the numbers are not material to the motion to certify class.  As such, the Court finds
24  compelling reasons to seal the employee identification numbers at issue in this motion.

25  The Court further finds that the request to seal is "narrowly tailored to seal only the
26  sealable material."  Civ. L.R. 79-5(c)(3).  The parties seek only to seal the employee names and
27  identification numbers, and no other information in Exhibits O and V.
28       //

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| ECF No. 80-2 | Exhibit K: Declaration of Mariah Gondeiro in Support of Plaintiffs' Motion for Class Certification (the "Gondeiro Decl.") (Deposition Transcript of Megan Doyle) | Highlighted Portions | DENIED because the County submits the document can be filed publicly. |
| ECF No. 80-3 | Exhibit V: Gondeiro Decl. (Expert Declaration of Mr. Keith L. Mendes, CFA In Support of Plaintiffs' Motion for Class Certification) | Highlighted Portions | GRANTED as containing personally identifiable information. |
| ECF No. 80-1 | Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification | Highlighted Portions | DENIED because neither party supports sealing. |
| ECF No. 81-16 | Exhibit O: Gondeiro Decl. (Excel Spreadsheet) | Employee Numbers in First Column and Employee Names in Second Columns | GRANTED as containing personally identifiable information. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with their Motion to Certify Class (ECF No. 80) is GRANTED IN PART and DENIED IN PART. Plaintiffs are directed to file the unsealed versions of ECF Nos. 80-1 and 80-2 on the public docket within 10 days of the date of this Order.

Dated: October 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge