**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SARA H. CODY, et al.,<br><br>　　　　　Defendants. | Case No.  22-cv-01019-BLF<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re:  ECF No. 93] |

Before the Court is Defendant County of Santa Clara's ("County") Administrative Motion to File Under Seal certain exhibits in support of its Opposition to Plaintiffs' Motion to Certify Class. ECF No. 93. The Court has considered the motion, and its ruling is laid out below.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
2  requires the moving party to provide "evidentiary support from declarations where necessary."
3  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
4  material." Civ. L.R. 79-5(c)(3).

## II.   DISCUSSION

This Court has previously determined that the compelling reasons standard applies to motions to seal documents relating to class certification. *See, e.g.*, *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2022 WL 847309, at *1 (N.D. Cal. Mar. 22, 2022); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020); *Yan Mei Zheng-Lawson v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 3413253, at *2 (N.D. Cal. July 29, 2019).

The County's motion seeks to seal portions of certain exhibits in support of its opposition to Plaintiffs' motion to certify class because those exhibits include County employees' personally identifying information, including names, employee identification numbers, phone numbers, email addresses, and home addresses. *See, e.g.*, ECF No. 93 at 1–3. Plaintiffs did not file an opposition to the motion.

The Court finds that the County has demonstrated compelling reasons to seal the personally identifying information in its exhibits. Other courts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962- HSG, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members). The majority of what the County seeks to seal includes names, addresses, phone numbers, and email addresses. The remainder of what the County seeks to seal includes employee identification numbers, for which there are compelling reasons to seal because employee identification numbers are personally identifying information that can be used to obtain other sensitive information, such as an employee's income, leave status, exemption status, and vaccination status. *See, e.g.*, ECF No. 93-3; *see also Regents of Univ. of*

1  *California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686-WHO, 2021 WL 4133869, at *11
2  (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers).
3  Moreover, the personally identifying information is not material to the motion to certify class.
4  Thus, the Court finds compelling reasons to seal the personally identifying information in the
5  County's exhibits.
6      The Court further finds that the request to seal is "narrowly tailored to seal only the
7  sealable material." Civ. L.R. 79-5(c)(3). The County seeks only to seal the personally identifying
8  information described above, and no other information in the exhibits.
9      The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 93-3 | Declaration of Bryan Anderson in Support of Defendants' Opposition to Motion for Class Certification (the "Anderson Decl.") Exhibit 1 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 108-1 | Anderson Decl. Exhibit 3 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 108-2 | Anderson Decl. Exhibit 4 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 108-3 | Anderson Decl. Exhibit 5 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-7 | Anderson Decl. Exhibit 10 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-8 | Anderson Decl. Exhibit 14 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-9 | Anderson Decl. Exhibit 15 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-10 | Anderson Decl. Exhibit 16 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-11 | Anderson Decl. Exhibit 17 | Highlighted Portions | GRANTED as containing personally identifying |

| | | | |
|---|---|---|---|
| | | | information. |
| 93-12 | Anderson Decl. Exhibit 19 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-13 | Declaration of Megan Doyle in Support of Defendants' Opposition to Motion for Class Certification (the "Doyle Decl.") Exhibit 9 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-14 | Declaration of Jeffrey Draper in Support of Defendants' Opposition to Motion for Class Certification (the "Draper Decl.") Exhibit 2 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-15 | Declaration of Mathew Fisk in Support of Defendants' Opposition to Motion for Class Certification (the "Fisk Decl.") Exhibit 3 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-16 | Declaration of Christopher Grumbos in Support of Defendants' Opposition to Motion for Class Certification (the "Grumbos Decl.") Exhibit 8 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-17 | Declaration of Sonia Menzies in Support of Defendants' Opposition to Motion for Class Certification (the "Menzies Decl.") Exhibit 3 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-18 | Menzies Decl. Exhibit 4 | Highlighted Portions | GRANTED as containing personally identifying information. |
| 93-19 | Menzies Decl. Exhibit 5 | Highlighted Portions | GRANTED as containing personally identifying information. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant County of Santa Clara's ("County") Administrative Motion to File Under Seal related to its Opposition to Plaintiffs' Motion to Certify Class (ECF No. 93) is GRANTED.

Dated: October 30, 2023

_____
BETH LABSON FREEMAN
United States District Judge