UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>             Plaintiffs,<br><br>     v.<br><br>SARA H. CODY, et al.,<br><br>             Defendants. | Case No.  22-cv-01019-BLF   (SVK)<br><br>**ORDER TERMINATING DISCOVERY DISPUTE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 134 |

Before the Court is the Parties' joint submission regarding Plaintiffs' requested production of Defendants' allegedly privileged documents.  *See* Dkt. 134.  Defendants provided Plaintiffs a privilege log in connection with their production of documents, identifying 37 documents that they would not produce on the basis that the attorney-client privilege and work-product doctrine shield those documents from production.  *See id.*, Ex. A.  Plaintiffs now request that the Court conduct an *in camera* review of those 37 documents to determine whether Defendants' alleged protections apply.

A two-pronged standard governs whether district courts should order *in camera* review of assertedly privileged documents:  (1) the party requesting *in camera* review must provide a "factual basis" supporting a reasonable belief that "review of the materials may reveal evidence to establish" that the privilege does not apply; and (2) "the facts and circumstances of the particular case" convince the Court to exercise its discretion to order an *in camera* review, which includes, "among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that" the asserted privilege does not apply.  *See United States v. Zolin*, 491 U.S. 554, 572 (1989).  Plaintiffs satisfy neither of these elements.

***First***, Plaintiffs provide no "factual basis" suggesting that review of the documents at issue "may reveal evidence to establish" that the attorney-client privilege and work-product doctrine do not apply. *See id.* Instead, they point only to the privilege log itself. But the Court disagrees that anything in the privilege log undercuts Defendants' assertions of privilege.

***Second***, the facts and circumstances of this action do not favor the Court conducting an *in camera* review. Specifically, there is a low "likelihood that the evidence produced through *in camera* review, together with other available evidence [already] before the court, will establish that" the attorney-client privilege and work-product doctrine do not apply. *See id.* Based on the privilege log, the Court understands that the documents at issue are communications involving counsel concerning the COVID-19 policies underlying this action. Facially, those documents appear likely to qualify for the asserted protections, and Plaintiffs offer no evidence suggesting otherwise. Indeed, Defendants proffer various legal issues implicated by the COVID-19 policies that required counsel's legal analysis, which raises the likelihood that the documents at issue are indeed protected. *See* Dkt. 134 at 8-9.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to conduct an *in camera review*.

**SO ORDERED.**

Dated: April 17, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge