UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SARA H. CODY, et al.,<br><br>    Defendants. | Case No.  5:22-cv-01019-BLF<br><br>**ORDER RE: DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 142] |

Before the Court is Defendants' Administrative Motion to Seal. ECF No. 142. For the reasons described below, the Court GRANTS the motion.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5

1 requires the moving party to provide "evidentiary support from declarations where necessary."
2 Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
3 material." Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

Defendant County of Santa Clara (the "County") filed Defendants' Administrative Motion to Seal on August 8, 2024. ECF No. 142. The County seeks to seal unredacted versions of Exhibits identified in the Declaration of Nathan A. Greenblatt in support of the motion, which were submitted in redacted form by the County in the Defendants' Motion for Summary Judgment. ECF No. 142 at 1; *see* ECF No. 142-1 & ECF No. 142-3. The County writes that the information should be sealed because the exhibits "reflect[] employee identifying information, namely employee names and personal email addresses." ECF No. 142 at 1. Plaintiffs did not file an opposition to the motion.

The Court finds that compelling reasons exist to seal the relevant portions of the documents. Other courts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962- HSG, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members). The majority of what the County seeks to seal includes names, addresses, phone numbers, and email addresses. The remainder of what the County seeks to seal includes employee identification numbers, for which there are compelling reasons to seal because employee identification numbers are personally identifying information that can be used to obtain other sensitive information, such as an employee's income, leave status, exemption status, and vaccination status. *See, e.g.*, ECF No. 151; *see also Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686-WHO, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers). Moreover, the personally identifying information is not material to the merits of the motion. Thus, the Court finds compelling reasons to seal the personally identifying information in the County's exhibits.

1  The Court further finds that the request to seal is "narrowly tailored to seal only the

2  sealable material." Civ. L.R. 79-5(c)(3). The County seeks only to seal the personally identifying

3  information described above, and no other information in the exhibits.

4  The Court rules as follows:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Exhibit 1 to Declaration of Michelle Quon | List of Class Members Who Did Not Apply for Other Positions | Highlighted portions in column 2<br><br>(Employee names) | Granted, as containing personally identifying information. |
| Exhibit M to Declaration of Bryan Anderson | Excerpts from Deposition of Guy Nuzum | Highlighted portions at Ctrl_0595:18 and 21; Ctrl_0597:21-23; Ctrl_0599:24-0600:5; Ctrl_0617:13-14; Ctrl_0626:15; Ctrl_0627:9,12,15,18,19, 24; Ctrl_0628:12<br><br>(Employee names) | Granted, as containing personally identifying information. |
| Exhibit T to Declaration of Bryan Anderson | Excerpts from Deposition of Terry Chavarria | Highlighted portions at Ctrl_0677; Ctrl_0698:16<br><br>(Employee names) | Granted, as containing personally identifying information. |
| Exhibit U to Declaration of Bryan Anderson | Terry Chavarria Deposition Exhibit 3 4/26/22 VaxJobReview Email | Highlighted portion on page 1 and 2<br><br>(Employee name and personal email address) | Granted, as containing personally identifying information. |
| Exhibit V to Declaration of Bryan Anderson | Terry Chavarria Deposition Exhibit 5 1/6/22 VaxJobReview Email | Highlighted portions on each page<br><br>(Employee name and personal email address) | Granted, as containing personally identifying information. |
| Exhibit W to Declaration of Bryan Anderson | Terry Chavarria Deposition Exhibit 7 1/12/22 VaxJobReview Email | Highlighted portions on each page<br><br>(Employee name, personal email address, cell phone number, employee ID) | Granted, as containing personally identifying information. |

3

| Exhibit Y to Declaration of Bryan Anderson | Excerpts from Deposition of Elizabeth Baluyut | Highlighted portions at Ctrl_0770:12 (Personal email address) | Granted, as containing personally identifying information. |
|---|---|---|---|
| Exhibit Z to Declaration of Bryan Anderson | Elizabeth Baluyut Deposition Exhibit 5 3/21/22 Email from Cynthia D'Amore to Elizabeth Baluyut | Highlighted portion on page 1 (Personal email address) | Granted, as containing personally identifying information. |
| Exhibit BB to Declaration of Bryan Anderson | Elizabeth Baluyut Deposition Exhibit 7 2/22/22 Email from Cynthia D'Amore to Sonia Menzies and Elizabeth Baluyut | Highlighted portion on pages 1 and 2 (Personal email address) | Granted, as containing personally identifying information. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Administrative Motion to Seal (ECF No. 142) is GRANTED.

Dated: August 15, 2024

_____
BETH LABSON FREEMAN
United States District Judge