# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SARA H. CODY, et al.,<br><br>　　　　　Defendants. | Case No. 5:22-cv-01019-BLF<br><br>**ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 162] |

Before the Court is Defendants' Administrative Motion to Seal re: Plaintiffs' Reply Evidence, which was filed by Defendant Santa Clara County ("County"). ECF No. 162. For the reasons stated below, Defendants' motion is GRANTED.

## I.　LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809

F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Defendant County of Santa Clara filed Defendants' Administrative Motion to Seal on October 1, 2024. ECF No. 162. The County seeks to seal unredacted versions of Exhibits identified in the Declaration of Bryan K. Anderson in support of the motion, which were submitted in redacted form by the County in support of objections to Plaintiffs' reply exhibits at ECF No. 156-1 through 156-21 as stated in Defendants' Reply in Support of Motion for Summary Judgment. The County writes that the information should be sealed because the exhibits "reflect[] employee identifying information, namely employee names and personal email addresses." ECF No. 162 at 1. Plaintiffs did not file an opposition to the motion.

The Court finds that compelling reasons exist to seal the relevant portions of the

documents. Other courts have found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (collecting cases); *see also Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members). The majority of what the County seeks to seal includes names, addresses, phone numbers, and email addresses. The remainder of what the County seeks to seal includes employee identification numbers, for which there are compelling reasons to seal because employee identification numbers are personally identifying information that can be used to obtain other sensitive information, such as an employee's income, leave status, exemption status, and vaccination status. *See Regents of Univ. of California v. LTI Flexible Prod., Inc.*, No. 3:20-CV-08686, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers). Moreover, the personally identifying information is not material to the merits of the motion. Thus, the Court finds compelling reasons to seal the personally identifying information in the County's exhibits.

The Court further finds that the request to seal is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). The County seeks only to seal the personally identifying information described above, and no other information in the exhibits.

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| **93-3** | Exhibit 1 to Declaration of Bryan K. Anderson (List of Class Members) | Highlighted Portions in columns 1 and 2 (Employee names and identifying numbers) | Granted, as containing personally identifying information. |

3

| | | | |
|---|---|---|---|
| **156-10** | Exhibit 2 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF No. 156-10) | Highlighted portions (Employee names and email) | Granted, as containing personally identifying information. |
| **156-11** | Exhibit 3 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF No. 156-11) | Highlighted portions (Employee names and email) | Granted, as containing personally identifying information. |
| **156-12** | Exhibit 4 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF No. 156-12) | Highlighted portions (Employee names and email) | Granted, as containing personally identifying information. |
| **156-13** | Exhibit 5 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF No. 156-13) | Highlighted portions (Employee names and email) | Granted, as containing personally identifying information. |
| **156-14** | Exhibit 6 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF | Highlighted portions (Employee names and email) | Granted, as containing personally identifying information. |

|  |  |  |  |
|---|---|---|---|
|  | No. 156-14) |  |  |
| **156-15** | Exhibit 7 to Declaration of Bryan K. Anderson (Email with a non-class member submitted by Plaintiffs with redactions at ECF No. 156-15) | Highlighted portions<br><br>(Employee names and email) | Granted, as containing personally identifying information. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Administrative Motion to Seal (ECF No. 162) is GRANTED.

**IT IS SO ORDERED.**

Dated:  October 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge