1  TONY LOPRESTI, County Counsel (S.B. #289269)
   BRYAN K. ANDERSON, Deputy County Counsel (S.B. #170666)
2  NATHAN A. GREENBLATT, Deputy County Counsel (S.B. #262279)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding Street, East Wing, Ninth Floor
   San José, California 95110-1770
4  Telephone: (408) 299-5900
   Facsimile: (408) 292-7240
5  Bryan.Anderson@cco.sccgov.org
   Nathan.Greenblatt@coo.sccgov.org
6
7  Attorneys for Defendants
   COUNTY OF SANTA CLARA, SARA H. CODY,
   JAMES WILLIAMS, and JEFFREY SMITH
8

9  RACHELE R. BYRD (190634)
   WOLF HALDENSTEIN ADLER FREEMAN & HERZ
10 750 B Street, Suite 1820
   San Diego, California  92101
11 Telephone: (619) 239-4599
   Facsimile; (619) 234-4599
12 byrd@whafh.com

13 ROBERT H. TYLER (179572)
   BETHANY ONISHENKO (*pro hac vice*)
14 ADVOCATES FOR FAITH & FREEDOM
   25026 Las Brisas Road
15 Murrieta, California 92562
   Telephone:  (951) 600-2733
16 Facsimile:   (951) 600-4996
   btyler@faith-freedom.com
17 bonishenko@faith-freedom.com

18 Plaintiffs' Class Counsel

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| UNIFYSCC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SARA H. CODY, et al., <br><br> Defendants. | No.  22-CV-01019 BLF <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:   December 5, 2024 <br> Time:   11:00 a.m. <br> Ctrm:   3, 5th Floor <br> Judge:  Beth Labson Freeman |

Plaintiffs UnifySCC, Tom Davis, Maria Ramirez, Elizabeth Baluyut (collectively, "Plaintiffs") and Defendants Sara H. Cody, James Williams, Jeffrey Smith, and Santa Clara County (collectively, "Defendants" and, together, the "Parties") hereby jointly submit their Case Management Statement pursuant to ECF No. 171, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1.     Jurisdiction and Service**

The Court has jurisdiction in this matter as the action raises federal questions under the United States Constitution, specifically the First and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the Fair Employment Housing Act (FEHA) claim.

All Defendants have been served and have filed pleadings responsive to Plaintiffs' First Amended Complaint.

**2.     Facts**

**Plaintiffs' Statement**

This Action makes facial and as-applied challenges to the Defendants' COVID-19 vaccine orders and policies. The Plaintiffs' religious beliefs prevent them from taking the COVID-9 vaccine or booster. According to the Defendants' risk tier system, Plaintiffs and Class members are "high-risk" employees and cannot maintain employment unvaccinated, notwithstanding the fact that they have sincerely held religious beliefs and approved exemptions. Plaintiffs have been relegated to unpaid leave and stripped of their employment benefits. By contrast, Defendants' vaccine policy gave similarly situated employees with medical exemptions transfers and reassignments. The risk tier system is also applied inconsistently. Unvaccinated employees in high-risk settings have been allowed to continue working. Plaintiffs, therefore, claim the Defendants violated the First and Fourteenth Amendments, Title VII, and FEHA.

**Defendants' Statement**

Defendants deny they are liable on the claims brought by Plaintiffs in this matter. The provisions of the United States Constitution, Title VII, or California's Fair Employment and

Housing Act relied on by Plaintiffs do not preclude the County of Santa Clara from requiring County employees in high-risk roles to be vaccinated against COVID-19, and to accommodate employees exempted from the vaccine requirement through an unpaid leave of absence.  Defendants deny that they violated the First and Fourteenth Amendments to the United States Constitution, deny they violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*.), deny they violated California's Fair Employment and Housing Act (Cal. Gov't. Code § 12940), and deny they deprived Plaintiffs of their civil rights under 42 U.S.C. § 1983.

**3.      Legal Issues**

**Plaintiffs' Legal Issues**

Whether Defendants' vaccine orders and policies violate the Free Exercise Clause of the First Amendment.

Whether Defendants' vaccine orders and policies violate the Equal Protection Clause of the Fourteenth Amendment.

Whether Defendants violated FEHA and Title VII.

Whether Plaintiffs are entitled to recover nominal and/or compensatory damages against Defendants.

**Defendants' Legal Issues**

Whether the First or Fourteenth Amendments to the United States Constitution precludes the County of Santa Clara from requiring County employees in high-risk roles to be vaccinated against COVID-19, and to accommodate employees exempted from the vaccine requirement through job transfers and modifications, paid and unpaid leaves of absence, special projects, and other accommodations.

Whether Title VII of the Civil Rights Act of 1964 precludes the County of Santa Clara from requiring County employees in high-risk roles to be vaccinated against COVID-19, and to accommodate employees exempted from the vaccine requirement through job transfers and modifications, paid and unpaid leaves of absence, special projects, and other accommodations.

Whether California's Fair Employment and Housing Act precludes the County of Santa Clara from requiring County employees in high-risk roles to be vaccinated against COVID-19, and to

accommodate employees exempted from the vaccine requirement through job transfers and modifications, paid and unpaid leaves of absence, special projects, and other accommodations.

Whether Plaintiff UnifySCC has standing to bring claims on behalf of its members.

Whether the individual Defendants should be dismissed from this action.

Whether the class certified at ECF 125 should be decertified.

Whether Defendants have affirmative defenses under the 11th Amendment to the U.S. Constitution or other bases of immunity.

**4.   Motions**

Plaintiffs' motion for temporary restraining order was denied.  ECF No. 25.  Plaintiffs' motion to advance the hearing date on the motion for preliminary injunction was denied.  ECF Nos. 34, 35, 36.  Plaintiffs' motion for preliminary injunction was granted in part and denied in part.  ECF No. 44.  Plaintiffs motion for class certification was granted in part and denied in part.  ECF No. 125.  The Parties' cross-motions for summary judgment are pending before this Court.  ECF Nos. 141, 143-146, 147, 148, 155, 156, 157, 159, 161.  The County's motion for decertification is due to be filed on or before December 5, 2024.  ECF No. 171.

**5.   Amendment of Pleadings**

The last date for the Parties to amend the pleadings without leave of court passed on November 15, 2022.  ECF No. 62.

**6.   Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The Parties do not anticipate any issues related to evidence preservation.

**7.   Disclosures**

The Parties have exchanged initial disclosures.

**8.   Discovery**

Liability fact discovery closed on March 29, 2024, and expert discovery ended on June 21, 2024.  ECF No. 67.  Damages issues have been bifurcated.  ECF No. 127.

**9.      Class Actions**

Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals who: 1) work or worked for the County and/or were subject to its vaccine policies and orders, including the Risk Tier System; 2) were forced by the County to choose between taking the vaccine to maintain their jobs and/or their employment-related benefits or being placed on unpaid leave; 3) were classified as working in high risk jobs pursuant to the County's Risk Tier System; and 4) received a religious exemption from the County (the "Class") between August 5, 2021 and September 27, 2022 (the "Class Period").  ECF No. 125 at 25:4-11.

Defendants will be filing on December 5, 2024 a motion to decertify the class, which is set for hearing on March 13, 2025.  ECF No. 171.

**10.     Related Cases**

The Parties are not aware of any currently pending related cases.

**11.     Relief**

Plaintiffs' First Amended Complaint seeks injunctive and declaratory relief and nominal damages for the violation of Plaintiffs' constitutional rights. Plaintiffs are also seeking damages against Santa Clara County for lost wages and benefits on behalf of themselves and the Class they seek to represent.  Damages issues have been bifurcated pending trial on liability.  ECF No. 127.

**12.     Settlement and ADR**

The Parties have attended settlement conferences with Magistrate Judge Susan van Keulen and a mediation on July 30, 2024 before retired Judge Irma Gonzalez (https://www.jamsadr.com/gonzalez/).

**13.     Consent to Magistrate Judge For All Purposes**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

//

//

### 14. Other References

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties do not believe that the issues can be narrowed by agreement or by motion. The Parties will make a good faith effort to obtain and submit stipulations of fact and to stipulate to the authenticity and admissibility of documents.

Liability and damages have been bifurcated. ECF No. 127.

### 16. Expediated Trial Procedure

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

### 17. Scheduling

The Parties requested this Case Management Conference considering Defendants' forthcoming motion to decertify the class, set for hearing on March 13, 2025. The Parties request that the Court continue the trial now to a date that is on or after October 13, 2025 and convenient to the Court and the Parties to avoid unnecessary delay.

### 18. Trial

The Parties have demanded a jury trial and propose that a jury trial would require 15 days.

### 19. Disclosure of Non-party Interested Entities or Persons

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. No such interest is known to Plaintiffs other than that of the named Parties to the action.

Defendants are a governmental entity and its officers and employees sued in their official capacities and are not subject to Civil Local Rule 3-15. No such interest is known to Defendants other than that of the named Parties to the action.

### 20. Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter**

The Parties are not aware of any other such matters.

Dated: November 25, 2024

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By: /s/ *Rachele R. Byrd*
RACHELE R. BYRD

Robert H. Tyler
Bethany Onishenko
ADVOCATES FOR FAITH AND FREEDOM

Plaintiffs' Class Counsel

Dated: November 25, 2024

TONY LOPRESTI
COUNTY COUNSEL

By: /s/ *Bryan K. Anderson*
BRYAN K. ANDERSON
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, SARA H. CODY, JAMES WILLIAMS, and JEFFREY SMITH

3161720