UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM DAVIS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SARA H. CODY, et al.,<br><br>    Defendants. | Case No.  22-cv-01019-BLF (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 206 |

   The Court is in receipt of the Parties' joint discovery statement regarding production of Plaintiffs' financial data.  Dkt. 206.  The Court has reviewed the Parties' submission and the relevant law and determines this matter may be resolved without oral argument.  Civil L.R. 7-1(b).  The Court's rulings are attached hereto in **Attachment A**.

   **SO ORDERED.**

Dated: September 24, 2025

                            */s/ Susan van Keulen*

                           SUSAN VAN KEULEN<br>                           United States Magistrate Judge

**ATTACHMENT A**

| County's Requests | Plaintiffs' Responses | Parties' Proposals | Court Order |
|---|---|---|---|
| **RPD No. 48:**<br><br>All DOCUMENTS sufficient to identify and describe all personal property, real estate holdings, land, financial accounts, investments, or other significant assets owned in whole or in part by YOU from January 1, 2021 to the present, including but not limited to deeds, titles, account statements, or appraisals. | Plaintiffs incorporate each of their General Objections. Plaintiffs further object on the grounds that such information is irrelevant and not proportional to the needs of the case. Plaintiffs further object as the question is meant to harass and is overly invasive. Plaintiffs object as the question is overly burdensome. Plaintiffs have already disclosed their incomes during the period at issue, and this request is highly invasive, inappropriate, and entirely out of proportion with Defendant's needs in this case.<br><br>Federal Rule of Civil Procedure 26 requires that discovery must be proportional to the needs of the case. Plaintiffs have a constitutionally-based right of privacy. *See Keith H. v. Long Beach Unified School Dist.,* 228 F.R.D. 652, 657 (2005). Discovery of Plaintiffs' bank accounts, retirement accounts, and other highly private information is not proportional to the needs of this case given that this information is not relevant to any claims or defenses, including mitigation. Whether Plaintiffs had any particular assets has no relevance to whether Plaintiffs suffered emotional distress from losing their primary source of income. The interest in maintaining Plaintiffs' privacy far outweighs any alleged need by Defendant. | Plaintiffs propose to limit production to the period beginning when each Plaintiff went on leave and ending when they resumed any work, including non-County employment—meaning in some cases the period would be shorter than the actual leave. Plaintiffs also propose to redact all transactional details from those records.<br><br>The County seeks responsive, unredacted documents from January 1, 2021 to the end of their leave or October 31, 2022. | Plaintiffs' objections are **overruled in part and sustained in part**.<br><br>Plaintiffs claim emotional distress arising from financial stress caused by the County putting them on unpaid leave, and therefore Plaintiffs have put their financial condition at issue. Moreover, the particulars of Plaintiffs' expenditures, for example whether debts were incurred due to living or discretionary expenses is relevant to Plaintiffs' claims and the County's defenses. **Therefore, Plaintiffs' objections as to relevance, proportionality and privacy are overruled, except as noted below.**<br><br>**Plaintiffs' objections as to overbreadth are sustained in part.** The County's requests seeking Plaintiff's financial data from January, 2021, until dates of reinstatement are overbroad and not proportional to the needs of the litigation. The relevant and proportional time frame is thirty days prior to the start of a Plaintiff's leave (which is sufficient to give the County an understanding of a Plaintiff's financial situation as of the start of the leave period) until the date that the Plaintiff claims the |

| | | | |
|---|---|---|---|
| | | | financial anxiety caused by the lay-offs ended.<br><br>Accordingly, Plaintiff Davis is to produce responsive documents from October 1, 2021 – May 31, 2022; Plaintiff Baluyut is to produce responsive documents from January 1, 2022 through October 1, 2022; Plaintiff Ramirez is to produce documents from October 1, 2021- March 31, 2022.<br><br>All documents to be produced and verified responses served **no later than October 3, 2025** under the highest level of protection under the Protective Order.<br><br>This Order is **without prejudice** to Plaintiffs moving to exclude financial data at trial |
| **RPD No. 49:**<br><br>All DOCUMENTS sufficient to identify and describe any debts, liabilities, or other financial obligations owed by YOU from January 1, 2021, to the present, including but not limited to loan agreements, promissory notes, mortgages, credit card statements, lines of credit, liens, judgments, or collection notices. | Plaintiffs incorporate each of their General Objections. Plaintiffs further object on the grounds that such information is irrelevant and not proportional to the needs of the case. Plaintiffs further object as the question is meant to harass and is overly invasive. Plaintiffs object as the question is overly burdensome. Plaintiffs have already disclosed their incomes during the period at issue, and this request is highly invasive, inappropriate, and entirely out of proportion with Defendant's needs.<br><br>Federal Rule 26 requires that discovery must be proportional to the needs of the case. Plaintiffs have a constitutionally based right of privacy. See Keith H. v. Long Beach | Plaintiffs propose to limit production to the period beginning when each Plaintiff went on leave and ending when they resumed any work, including non-County employment—meaning in some cases the period would be shorter than the actual leave. Plaintiffs also propose to redact all transactional details from those records.<br><br>The County seeks responsive, unredacted documents from January 1, 2021 to the end of their leave or October 31, 2022. | See Court Order above, incorporated herein. |

2

| | | | |
|---|---|---|---|
| | Unified School Dist., 228 F.R.D. 652, 657 (2005). Requesting documents concerning debts, liabilities, financial obligations, and other highly private information is not proportional to the needs of the case. Plaintiffs' financial assets are irrelevant.<br><br>Plaintiffs' debts, liabilities, and financial capabilities are highly private. "[C]onfidential financial information given to a bank by its customers is protected by the right to privacy" under the California Constitution. Fortunato v. Super. Ct., 114 Cal. App. 4th 475, 480 (2003). Defendant's attempt to discover this information is only meant to intimidate Plaintiffs by forcing them to produce detailed, intimate, and embarrassing information about their personal lives. Accordingly, the interest in maintaining Plaintiffs' privacy in this matter far outweighs any alleged need by Defendant. | | |
| **RPD No. 50**<br>All monthly bank/credit union statements, investment account statements, and retirement account statements in YOUR name or under YOUR control from August 1, 2021 to the present, including but not limited to checking accounts, savings accounts, money market accounts, IRAs, 401(k)s, brokerage accounts, and cryptocurrency wallets. | Plaintiffs incorporate each of their General Objections. Plaintiffs further object on the grounds that such information is irrelevant and not proportional to the needs of the case. Plaintiffs further object as the question is meant to harass and is overly invasive. Plaintiffs object as the question is overly burdensome. Plaintiffs have already disclosed their incomes during the period at issue, and this request is highly invasive, inappropriate, and entirely out of proportion with Defendant's needs in this case.<br><br>Federal Rule of Civil Procedure 26 requires that discovery must be proportional to the needs of the case. Plaintiffs have a constitutionally-based right of privacy. *See Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (2005). Discovery of | Plaintiffs propose to limit production to the period beginning when each Plaintiff went on leave and ending when they resumed any work, including non-County employment— meaning in some cases the period would be shorter than the actual leave. Plaintiffs also propose to redact all transactional details from those records.<br><br>The County seeks responsive, unredacted documents from January 1, 2021 to the end of their leave or October 31, 2022. | See Court Order above, incorporated herein. |

3

| | | | |
|---|---|---|---|
| | Plaintiffs' the requested documents is not proportional to the needs of this case given that this information is not relevant to any claims or defenses, including mitigation. Whether Plaintiffs had any particular assets has no relevance to whether Plaintiffs suffered emotional distress from losing their primary source of income. The interest in maintaining Plaintiffs' privacy far outweighs any alleged need by Defendant. | | |
| **RPD No. 51**<br>All DOCUMENTS related to any sale, transfer, or encumbrance of real or personal property or financial assets made by YOU from January 1, 2021 to the present. | Plaintiffs incorporate each of their General Objections. Plaintiffs further object on the grounds that such information is irrelevant and not proportional to the needs of the case. Plaintiffs further object as the question is meant to harass and is overly invasive. Plaintiffs object as the question is overly burdensome. Plaintiffs have already disclosed their incomes during the period at issue, and this request is highly invasive, inappropriate, and entirely out of proportion with Defendant's needs in this case.<br><br>Federal Rule of Civil Procedure 26 requires that discovery must be proportional to the needs of the case. Plaintiffs have a constitutionally-based right of privacy. *See Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (2005). Discovery of Plaintiffs' the requested documents is not proportional to the needs of this case given that this information is not relevant to any claims or defenses, including mitigation. Whether Plaintiffs had any particular assets has no relevance to whether Plaintiffs suffered emotional distress from losing their primary source of income. The interest in maintaining Plaintiffs' privacy far outweighs any alleged need by Defendant. | Plaintiffs propose to limit production to the period beginning when each Plaintiff went on leave and ending when they resumed any work, including non-County employment—meaning in some cases the period would be shorter than the actual leave. Plaintiffs also propose to redact all transactional details from those records.<br><br>The County seeks responsive, unredacted documents from January 1, 2021 to the end of their leave, or October 31, 2022. | See Court Order above, incorporated herein. |

| | | | |
|---|---|---|---|
| **Interrogatory No. 23**<br>Identify all property and assets YOU own or partially own from January 1, 2021 to the present, including but not limited to real property (including land and real estate), significant personal property assets (including vehicles, investment accounts, businesses, and collectibles), and savings and retirement accounts (including checking, savings, money market, CalPERS, 401(k), 403(b), IRAs, Roth IRAs). For each, state (a) the asset/account type; (b) the custodian or institution; (c) whether any withdrawals or loans have been taken since August 5, 2021; and (d) the approximate account balance as of the date YOU were placed on administrative leave and currently. | Plaintiffs incorporate each of their General Objections. Plaintiffs further object to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. Plaintiffs further object to the request as harassing, overly invasive, and inappropriate. Plaintiffs also object that the request is overly burdensome. Plaintiffs further object on the basis that the request is vague as to the meaning of the phrase "significant personal property assets."<br><br>Federal Rule 26 requires that discovery must be proportional to the needs of the case. Federal courts have recognized a constitutionally based right of privacy that can be raised in response to discovery request. *See Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (2005).<br><br>Plaintiffs' bank account information, assets information, and information otherwise describing their financial capabilities is highly private. "[C]onfidential financial information given to a bank by its customers is protected by the right to privacy" under the California Constitution. *Fortunato v. Super. Ct.*, 114 Cal. App. 4th 475, 480 (2003). Discovery into Plaintiffs' bank accounts, retirement accounts, and other highly private information is not proportional to the needs of the case. Whether Plaintiffs had any particular asset has no relevance to the claims or defenses in this case. | Plaintiffs propose to limit its response to the period beginning when each Plaintiff went on leave and ending when they resumed any work, including non-County employment—meaning in some cases the period would be shorter than the actual leave. Plaintiffs also propose to exclude all transactional details from its response.<br><br>The County seeks responsive, unredacted information from January 1, 2021 to the end of their leave or October 31, 2022. | See Court Order above, incorporated herein. |