TONY LOPRESTI, County Counsel (S.B. #289269)
RICK CHANG, Deputy County Counsel (S.B. #209515)
NATHAN A. GREENBLATT, Deputy County Counsel (S.B. #262279)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California  95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: Rick.Chang@cco.sccgov.org
Email: Nathan.Greenblatt@cco.sccgov.org

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| UNIFYSCC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SANTA CLARA, <br><br> Defendant. | No. 22-CV-01019 BLF <br><br> **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> Date:  No hearing scheduled <br> Ctrm: 3, 5th Floor <br> Judge: The Hon. Beth Labson Freeman |

Plaintiffs' arguments in opposition to the County's motion lack merit.

## A. THE COUNTY IS IMMUNE FROM PLAINTIFF'S FEHA CLAIM

Plaintiffs first argue that the County is not immune under Section 855.4, because FEHA imposes a mandatory duty on the County. That is not the law. **Statutory immunities**, such as Section 855.4, **prevail over mandatory duties, including FEHA**. *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1126-27 (9th Cir. 2013) ("FEHA's imposition of a general duty and liability on public employees did not override immunity for discretionary acts under Cal. Gov't Code § 820.2."); *Haggis v. City of Los Angeles*, 22 Cal.4th 490, 505 (2000) (immunities prevail over mandatory duties); *Creason v. Dep't of Health Servs.*, 18 Cal.4th 623, 635 (1998) (same); *Allos v. Poway Unified Sch. Dist.*, 112 Cal.App.5th 822, 835 (Section 855.4 immunity prevails over FEHA); *Bitner v. Dep't of Corr. & Rehab.*, 87 Cal.App.5th 1048, 1063 (2023) (Section 844.6 immunity prevails over FEHA); *Esparza v. Cnty. of Los Angeles*, 224 Cal.App.4th 452, 461 (2014) (Section 818.2 immunity prevails over FEHA).

The relevant question is thus not whether FEHA is mandatory, but whether Section 855.4 applies here. It does. Critically, Plaintiffs do not dispute that they seek to hold the County liable for an injury (lost wages) resulting from the County's discretionary decision to not allow them to work unvaccinated in high-risk settings at the height of the deadly COVID-19 pandemic, and that the County made that policy decision to promote the public health. *See* Mot. at 3. Plaintiffs' opposition contains no factual argument to the contrary. **Section 855.4 therefore squarely applies based on its plain language and prevails over FEHA.** *See id.* at 2.

Plaintiffs suggest that subsequent ministerial actions in the implementation of a policy decision can still merit case-by-case adjudication. Opp'n at 2. This argument also fails. Plaintiffs do not identify any such ministerial actions here. Nor do Plaintiffs dispute that the County's vaccination policy, including its prohibition on unvaccinated employees working in high-risk settings, was a discretionary policy decision made by County leadership. *See* Greenblatt Ex. 1 ¶¶ 13-16, 21-22. Plaintiffs have maintained throughout this lawsuit that the County's policy caused their injuries by placing them on leave. They cannot change course now. Moreover, accepting Plaintiffs' argument would eviscerate the statutory immunity provided by Section 855.4. The County would be unable to

1

Reply in Support of Motion for Summary Judgment                                    22-CV-01019 BLF

make life-saving decisions, such as preventing unvaccinated nurses from working with critically ill hospital patients, without risking liability under FEHA. Accordingly, the Court should find that Section 855.4 applies here.

**B.     DAVIS AND RAMIREZ DID NOT TIMELY EXHAUST THEIR REMEDIES**

Plaintiff Ramirez does not dispute that she filed her Title VII claim more than 90 days after receiving a right-to-sue from the EEOC. Opp'n at 3-4. She argues that the relation-back doctrine saves this late-filed claim. It does not.

The parties agree that Ramirez (i) filed a charge with the EEOC on February 16, 2022; (ii) filed her original complaint on February 18, 2022; (iii) received a right-to-sue letter from the EEOC for her Title VII claim on February 25, 2022; and (iv) filed an amended complaint with a Title VII claim on August 23, 2022. Mot. at 5; Opp'n at 4. Based on these facts, even if her Title VII claim is deemed to have been filed as of February 18, 2022, it would still be untimely because as of that date, the EEOC had not yet issued a right-to-sue letter to Ramirez, and any Title VII claim she filed on that date would be barred. The court in *Chris v. Carpenter*, No. 3:21-CV-00924-SB, 2023 WL 2542010, at *5 (D. Or. Jan. 11, 2023), *adopted,* 2023 WL 2537840 (D. Or. Mar. 16, 2023), reached that conclusion on similar facts. That court rejected the plaintiff's reliance on Rule 15(c), because she had filed her original complaint while the administrative investigation "was still pending." *Id.* So too here. Title VII specifically requires exhaustion ***before*** suing. Mot. at 4. Rule 15(c) does not erase that requirement.

Notably, the Ninth Circuit expressly rejected one of the primary cases Ramirez relies upon for her relation-back argument—*Miranda v. Costco Wholesale Corp.*, No. 95-cv-1076, 1996 WL 571185, *3 (D. Or. May 7, 1996). On appeal, the Ninth Circuit found that "the district court misplaced reliance on the 'relation back' doctrine," and found cases liberally applying Rule 15(c) inapplicable, finding that they stand "simply for the proposition that a Title VII claim alleged in an amended complaint will not be time-barred when a state cause of action alleged in the original complaint and arising from the same 'conduct, transaction or occurrence,' Fed.R.Civ.P. 15(c), ***was filed within the ninety-day statutory period.***" 168 F.3d 500 (9th Cir. 1999) (emphasis added, citation omitted). Here, Ramirez's FEHA claim was not filed within the ninety-day statutory period. It was

filed before the period began, rendering her Title VII claim untimely even under the broadest interpretation of Rule 15(c).

Plaintiff Davis's argument, that he can piggyback on charges filed by UnifySCC and Ramirez, fails for two reasons. First, he cannot piggyback at all. Plaintiffs cite no case applying piggybacking in these circumstances; both *Berndt* and *Renati* reject piggybacking. And the out-of-circuit authority those cases draw on explains that in cases with few plaintiffs, as this case was at filing, "the rationale of the doctrine is attenuated to the point of nonexistence." *Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs.*, 343 F.3d 897, 900 (7th Cir. 2003). A timely filed charge from Davis would not have "flood[ed]" the EEOC. *Id.* at 899. Nothing prevented Davis from complying with his statutory obligation to exhaust his administrative remedies before suing. The Court should not apply a novel doctrine, in novel circumstances, to excuse that basic failure. Second, even if Davis could piggyback on Ramirez or UnifySCC, his Title VII claim would still be untimely because Ramirez's claim is untimely, no legal authority permits an organization to exhaust administrative remedies on behalf of its members, UnifySCC was dismissed for lack of standing, and Plaintiffs identify no right-to-sue letter from the EEOC for UnifySCC.

Finally, Davis' argument that his November 12, 2025 charge is timely because "the last unlawful act occurred" on the *last day of his leave* on September 26, 2022 is absurd. Opp'n at 5. The alleged unlawful act occurred when the County put him on leave. The County did not "act" every day he was on leave. His unsupported, illogical argument would extend the statute of limitations indefinitely. The Court should reject it. In short, the Court should not extend novel doctrines, in novel circumstances, to excuse garden variety legal neglect. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997).

Dated:  December 11, 2025

Respectfully submitted,

TONY LOPRESTI
County Counsel

By: /s/   Nathan A. Greenblatt
NATHAN A. GREENBLATT
Deputy County Counsel

Attorneys for Defendant
COUNTY OF SANTA CLARA

3441746