**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNIFYSCC, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF SANTA CLARA<br><br>        Defendant. | Case No.  22-cv-01019-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY OF SANTA CLARA'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re:  ECF No. 220] |

Before the Court is the County of Santa Clara's second Motion for Summary Judgment. ECF No. 220 ("Mot."); *see also* ECF No. 225 ("Reply").  Plaintiffs Tom Davis, Maria Ramirez, and Betsy Baluyut (collectively, "Plaintiffs") oppose the motion.  ECF No. 224 ("Opp.").  The Court held a hearing on the motion on January 29, 2026.  Minute Entry, ECF No 231; *see also* Transcript, ECF No. 232 ("Tr.").  At the hearing, the Court allowed Plaintiffs to submit a letter with citations to relevant authorities, Tr. at 42:6–43:18, which Plaintiffs then submitted, ECF No. 233 ("Pl. Supp.").  For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the County's motion.

I.  **BACKGROUND**

    A.  **Undisputed Facts**

The Parties are familiar with the facts of this case, which the Court summarizes in relevant part.  *See* ECF Nos. 178, 194.  This lawsuit concerns the County of Santa Clara's (the "County") response to the COVID-19 pandemic, which included imposing a requirement on County employees to either become vaccinated against the virus or obtain an exemption from vaccination.

On August 5, 2021, the County issued a policy requiring all employees to receive the COVID-19 vaccine by September 30, 2021.  Declaration of Jeffrey V. Smith, ECF No. 221-1

("Smith Decl.") ¶¶ 9–10 & Ex. 2.  The County provided exemptions for sincerely held religious belief, practice, or observance.  Smith Decl. Ex. 2; *see also* Declaration of Rachele R. Byrd, ECF No. 224-1 ("Byrd Decl.") ¶ 2 & Ex. 1.

Plaintiffs are County employees who objected to the vaccines on religious grounds and were granted exemptions from the vaccine requirement.  Byrd Decl. Ex. 2 ¶ 3, Ex. 3 ¶ 3, Ex. 4 ¶ 3. But they were not permitted to continue in-person work in their assigned high-risk job settings and were instead placed on administrative leave.  Byrd Decl. Ex. 2 ¶ 3, Ex. 3 ¶ 3, Ex. 4 ¶ 3; Smith Decl. ¶ 15.  Although prior to the vaccine mandate Plaintiffs had been permitted to use masking and testing as protective methods, they were not allowed to continue with those practices in lieu of getting vaccinated after the mandate issued.  Byrd Decl. Ex. 2 ¶ 6, Ex. 3 ¶ 5, Ex. 4 ¶ 5.  These employees were "allowed to apply their accrued, paid leave banks to this period of leave" and told that they "may be entitled to priority consideration for vacant positions" in low and intermediate-risk roles.  Smith Decl. ¶¶ 15–16.  On September 27, 2022, the County rescinded the vaccination requirement for all County employees; at that point, County employees could return to their work positions regardless of risk categorization.  *See* Smith Decl. ¶ 23 & Ex. 6.

### B.  Administrative Proceedings

On January 10, 2022, UnifySCC filed a "complaint of discrimination" on behalf of its members with California's Department of Fair Employment & Housing (since renamed the California Civil Rights Department ("CRD")).  Byrd Decl. Exs. 5, 7.  Those members include unnamed County employees who "were placed in high risk [categories] and relegated to unpaid leave due to their unwillingness to take the COVID-19 vaccine" on religious grounds.  Byrd Decl. Ex. 5 at 8.

On February 16, 2022, Ramirez filed a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC") on the ground that the County denied her "need for an accommodation from the vaccine requirement" because her role was "considered high-risk."  Byrd. Decl. Ex. 9 at 1.  Her federal right-to-sue letter was issued on February 25, 2022, and it informed her that her private lawsuit must be filed within 90 days of receipt of the notice.  Byrd. Decl. Ex. 9 at 5.

Davis filed his discrimination complaint with the EEOC on November 12, 2025, and his federal right-to-sue letter was issued on November 26, 2025. Byrd Decl. Ex. 12.

### C. Procedural History

This lawsuit was filed by Plaintiffs UnifySCC, Davis, and Ramirez on February 18, 2022. ECF No. 1. On August 23, 2022, Plaintiffs filed a Verified First Amended Class Action Complaint for Declaratory and Injunctive Relief and Damages, which included adding Plaintiff Baluyut. *See* ECF No. 55 ("FAC"). The FAC asserts six claims against Defendants Sara H. Cody, James Williams, Jeffrey Smith, and Santa Clara County, including a claim for violation of California's Fair Employment and Housing Act ("FEHA"), FAC ¶¶ 72–78, and a claim for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, FAC ¶¶ 90–93.

The Court certified a class on January 29, 2024. ECF No. 125. On January 15, 2025, the Court denied Plaintiffs' partial motion for summary judgment and granted in part and denied in part Defendants' cross motion for summary judgment. ECF No. 178. Among other things, the summary judgment order dismissed the individual defendants from the case. *Id.* On May 21, 2025, the Court decertified the class. ECF No. 194. As part of that order, the Court also dismissed UnifySCC for lack of standing. *Id.*

The Court subsequently granted the County leave to file a limited summary judgment motion as to the County's immunity from FEHA liability and Plaintiffs' exhaustion of administrative remedies. *See* Minute Entry, ECF No. 217; Further Case Management Conference Transcript, ECF No. 226 at 14:18–16:10. That limited summary judgment motion is now before the Court.

## II.  LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it might affect the outcome of the lawsuit, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* On an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249–50.

Once the moving party has met its initial burden, the burden of production shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence presented and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *Id.*

III. **DISCUSSION**

The County makes two arguments in its motion. First, the County contends that summary

4

United States District Court
Northern District of California

judgment should be granted as to the state law FEHA claim because the County is immune from FEHA liability for governmental decisions that promote public health under California Government Code section 855.4.  Mot. at 2–4.  Second, the County argues that summary judgment should be granted as to Davis and Ramirez's Title VII claims because they failed to timely exhaust their administrative remedies.  Mot. at 4–5.  In opposition, Plaintiffs urge that section 855.4 does not immunize the County from FEHA liability and that Davis and Ramirez indeed exhausted their administrative remedies.  Opp. at 2–5.  The Court addresses each argument in turn.

### A.  The County's Immunity from FEHA Liability

The County contends that it is immune from liability for governmental decisions to promote public health under California Government Code section 855.4.  Mot. at 2–4.  Plaintiffs argue that section 855.4 is inapplicable because the County is not immune from complying with the mandatory duty required by FEHA to accommodate Plaintiffs' religious beliefs.  Opp. at 2–3.

#### 1.  Section 855.4 Immunity Applies

The Government Claims Act, Cal. Gov't Code § 810 *et seq.*, "establishes the basic rules that public entities are immune from [noncontractual] liability except as provided by statute . . . and that public entities are immune where their employees are immune, except as otherwise provided by statute."  *Caldwell v. Montoya*, 10 Cal. 4th 972, 980 (1995).  Section 855.4, which is part of the Government Claims Act, provides:

> Neither a public entity nor a public employee is liable for an injury resulting from the decision to perform or not to perform any act to promote the public health of the community by preventing disease or controlling the communication of disease within the community if the decision whether the act was or was not to be performed was the result of the exercise of discretion vested in the public entity or the public employee, whether or not such discretion be abused.

Cal. Gov't Code § 855.4.  Section 855.4 further provides that a public entity is not liable for any injury "caused by an act or omission in carrying out with due care" such a decision.  *Id.*  Thus, to establish immunity under section 855.4, the County must demonstrate that any injury resulting from its failure to accommodate Plaintiffs' religious beliefs was the consequence of a discretionary decision made in service of promoting the public health.

The County refers the Court to *Allos v. Poway Unified School District*, 112 Cal. App. 5th

822 (2025), in support of its argument that section 855.4 immunizes the County from FEHA liability. Mot. at 3. There, the plaintiff was a school district employee who brought claims based on the school district's refusal to allow her to work exclusively from home after the COVID-19-related stay-at-home order was lifted. *Allos*, 112 Cal. App. 5th at 836. The plaintiff wanted to work remotely full time, including because she had a variety of health issues that increased her risk from COVID-19. *Id.* at 837. She asserted that she could not be vaccinated due to a "vaccine allergy," which, she contended, was a disability the school district was required to accommodate. *Id.* at 828. The school district made several accommodations to allow the plaintiff to work safely in person, such as providing an enclosed office to protect her from exposure to the virus. *Id.* According to the plaintiff, these measures were insufficient. The court found that to the extent the plaintiff's claims were predicated on the school district's "decisions to allow employees to work from home and subsequently to require their return to in-office work," the claims were "barred by the immunity afforded by section 855.4," including because the statute immunizes any act performed while carrying out such a decision. *Id.* at 834. The court also found that the plaintiff had not adequately demonstrated that she had a disability, which was fatal to her FEHA disability discrimination and failure-to-accommodate claims. *Id.* at 837–38

*Allos* is on point. As in *Allos*, Plaintiffs seek to hold the County liable for injuries resulting from the County's discretionary, public-health-related decisions. The undisputed facts demonstrate that the County's decision not to allow unvaccinated employees to work in-person in high-risk settings was a policy decision made to promote the public health of the community by preventing the spread of disease. *See* Smith Decl. ¶¶ 4–16, 21–22. The County submits evidence showing that "[p]ublic health authorities agree that vaccination is the most effective means to reduce the rate of COVID-19 transmission and risk of serious illness, hospitalization, and death," while masking and testing "had proven insufficient to prevent outbreaks" in high-risk settings. Smith Decl. ¶ 21. By allowing unvaccinated employees to use testing and masking as substitutes for vaccination, the County would have had to adopt a less protective approach than what was recommended by the public health guidance it received. Smith Decl. ¶ 22. To the extent the County failed to accommodate Plaintiffs as a consequence of the County's policy and

implementation thereof, those injuries flow from the County's discretionary decisions made in service of promoting the public health. The Court concludes that section 855.4 squarely applies to Plaintiffs' FEHA claim.

### 2. Section 855.4 Immunity Overrides a Mandatory Duty of FEHA

Plaintiffs urge that the County is not immune from "a mandatory duty required by FEHA to accommodate Plaintiffs' religious beliefs." Opp. at 2. However, as the County correctly argues, Reply at 1, section 855.4 immunity prevails over a mandatory duty of FEHA.

As an initial matter, the Court agrees that the County has a general "affirmative and mandatory" duty to prevent discrimination and retaliation under FEHA. *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.,* 103 Cal. App. 4th 1021, 1035 (2002). Indeed, under FEHA, employers must accommodate employees' religious beliefs unless it would impose an undue hardship to do so. *See* Cal. Gov. Code § 12940(l)(1). Thus, the issue is whether the grant of immunity conferred by section 855.4 overrides a FEHA mandatory duty.

The Tort Claims Act, which includes section 855.4, provides that "except as otherwise provided by statute," public entities are not liable for injuries resulting from "an act or omission of the public entity or a public employee." Cal. Gov't Code § 815(a). It is generally recognized that absent a clear indication of legislative intent that statutory immunity is withheld or withdrawn, statutory immunities override a statute imposing a general legal duty or liability. *Bitner v. Dep't of Corrs. & Rehab*, 87 Cal. App. 5th 1048, 1059 (2023). Indeed, a public entity's liability "is subject to any immunity of the public entity provided by statute." Cal. Gov't Code § 815(b).

In *Caldwell*, the California Supreme Court faced the issue of whether members of a school board were immune from liability under section 820.2 (another provision of the Tort Claims Act) for voting to terminate the employment of the school district superintendent despite allegations of race and age discrimination in violation of FEHA. *See* 10 Cal. 4th at 976–77. The Court explained that, while FEHA "prohibits employment discrimination" and "provides civil remedies when its provisions are violated," it "contains no indicia of an additional intent that individual public officials or employees may be sued despite a specific statutory immunity that would otherwise apply in a particular case." *Id.* at 986.

7

The statutory immunity provision at issue in *Caldwell*, section 820.2, is distinct from section 855.4. *Caldwell*'s reasoning, however, applies to section 855.4 with full force. As the cases cited by the County demonstrate, Reply at 1, FEHA's mandatory duty to accommodate religious beliefs does not override statutory immunity for discretionary acts. *See*, *e.g.*, *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1126 (9th Cir. 2013) ("FEHA's imposition of a general duty and liability on public employees did not override immunity for discretionary acts under Cal. Gov't Code § 820.2."); *Esparza v. Cnty. of Los Angeles*, 224 Cal. App. 4th 452, 461 (2014) (applying *Caldwell* in holding that FEHA did not abrogate the immunity conferred by section 818.2); *Bitner*, 87 Cal. App. 5th at 1063 ("[E]ven if we were to accept that FEHA creates a mandatory duty . . . section 815 provides that the immunity provision of section 844.6 takes precedence over any liability imposed by [the mandatory duty].") As with other statutory immunities, FEHA liability does not override section 855.4's grant of immunity. *See Allos*, 112 Cal. App. 5th at 835 (finding that section 855.4 immunity prevailed over FEHA's mandatory duties).

### 3. No Ministerial Acts Are Identified

Finally, Plaintiffs argue that the County is not immune from its "ministerial" actions in implementing its policies and failing to accommodate Plaintiffs. Opp. at 2–3. In response, the County contends that decisions regarding what constitutes a reasonable accommodation under the County's health policy are not ministerial and Plaintiff offers no evidence of ministerial acts. Reply at 1–2.

To fall within the scope of section 855.4 immunity, the at-issue conduct must be "the result of the exercise of discretion" vested in the public entity. This analysis requires courts to distinguish "policy" decisions from "ministerial" ones. *See Greenwood v. Cnty. of Los Angeles*, 89 Cal. App. 5th 851, 860–61 (2023). "[A] discretionary act is one which requires personal deliberation, decision and judgment while an act is said to be ministerial when it amounts only to the performance of a duty in which the officer is left no choice of his own." *Johnson v. State*, 69 Cal. 2d 782, 788 (1968) (quoting *Burgdorf v. Funder*, 246 Cal. App. 2d 443, 449 (1966) (internal quotation marks omitted)).

As discussed above, Plaintiffs' FEHA claim flows from injuries resulting from the County's COVID-19-related workplace policies and the implementation thereof. Those policy decisions were expressly based on the goal of protecting the health of the community. *See, e.g.*, Smith Decl. ¶ 22. Although Plaintiffs contend that "the County's actions in implementing the vaccine mandate and in the process of doing so failing to appropriately accommodate Plaintiffs' religious beliefs were ministerial," Opp. at 2–3, Plaintiffs do not identify any ministerial actions at issue. Moreover, determination of whether a particular accommodation could be approved goes to the heart of the public health policy at issue. *See Greenwood*, 89 Cal. App. 5th at 864. Plaintiffs do not contend that their request to mask and test as a substitute for vaccination do not implicate public health policy decisions. Accordingly, Plaintiffs' claim that the County's actions were ministerial in nature is unpersuasive.

*** 

In sum, the County has met its burden to show that section 855.4 immunizes the County and that FEHA liability does not abrogate the grant of immunity. Nor do Plaintiffs identify any ministerial acts on the part of the County that fall outside of section 855.4's grant of immunity. Furthermore, Plaintiffs have not pointed to any material facts in dispute in connection with this issue. Thus, the Court will grant the County's motion for summary judgment as to the FEHA claim.

### B. Exhaustion of Administrative Remedies

The County argues that Davis and Ramirez failed to timely exhaust their administrative remedies for their Title VII claims. Mot. at 4–5. Plaintiffs oppose, urging that Davis and Ramirez each satisfied the statutory exhaustion requirement. Opp. at 4–5.

Title VII requires a plaintiff to exhaust his administrative remedies as a precondition to filing suit. *Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 767–68 (9th Cir. 1991) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). A Title VII claimant must take two steps to exhaust. First, a Title VII claimant files a charge with the EEOC or a "qualifying state agency" (like the CRD) and receives a right-to-sue letter. *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018). This charge must be filed within 180

days after the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). "If the charge is initially filed with a state agency that enforces the state's own anti-discrimination laws, like the DFEH [since renamed CRD] in California, the statutory 180-day rule does not apply. Instead, a Title VII administrative charge must be filed within 300 days after the allegedly unlawful employment practice or 30 days after notice that the state agency has terminated its proceedings under state law, whichever is earlier." *Scott*, 888 F.3d at 1106 n.2 (citing 42 U.S.C. § 2000e-5(e)(1)). Second, after exhausting his administrative remedies, a claimant has 90 days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).

### 1. Tom Davis

Davis filed his discrimination charge with the EEOC on November 12, 2025, and his right to sue letter was issued on November 26, 2025. Byrd Decl. Ex. 12. The County argues that Davis did not timely exhaust his administrative remedies by filing a charge with the EEOC or an equivalent state agency within 300 days after the allegedly unlawful employment practice—his administrative leave began on November 1, 2021. Mot. at 5. Plaintiffs contend that Davis timely exhausted his administrative remedies for two reasons. Opp. at 4–5. First, Davis can "piggyback" off the other Plaintiffs' charges with the EEOC. *Id.* Second, he timely exhausted his administrative remedies in his own right. Opp. at 5.

#### a. Piggybacking

The single filing rule is an exception to the exhaustion requirement. It is "a judicially created equitable tolling rule based on the observation that it would be duplicative and wasteful for complainants with similar grievances to have to file identical notices of intent to sue with a governmental agency." *Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016) (citation and internal quotation marks omitted). The doctrine "allows a non-charge-filing plaintiff to 'piggyback' on the charges filed by another plaintiff, provided that the plaintiffs' claims arise out of similar discriminatory treatment in the same timeframe." *Berndt v. Cal. Dep't of Corr.*, No. 3-cv-3174-PJH, 2013 WL 4554953, at *2 (N.D. Cal. Aug. 27, 2013) (collecting cases).

Although the Ninth Circuit has never directly applied the piggybacking rule outside of class actions, it has left open the possibility of its applicability to non-class action contexts. *See*

*Martinez v. Victoria Partners,* No. 12-CV-502-JAD-VCF, 2014 WL 1268705, at *5 (D. Nev. Mar. 27, 2014). Despite not identifying any case that applies the piggybacking doctrine in an analogous context, Plaintiffs urge that Davis can piggyback on UnifySCC and Ramirez's charges. Opp. at 4. The County contends that the Court should not "apply a novel doctrine, in novel circumstances, to excuse" Davis's "basic failure" to exhaust his administrative remedies before suing. Reply at 3.

Davis's argument proceeds in the following way. He was placed on administrative leave on November 1, 2021, so he had at least until August 28, 2022, to file a charge with the EEOC. Byrd Decl. Ex. 2 at 11. UnifySCC, an organization of which Davis is a member, filed a charge with the CRD on behalf of its members on January 10, 2022, within the 300-day window. [1] Byrd Decl. Ex. 5. Also, Ramirez filed her charge with the EEOC on February 16, 2022. Byrd Decl. Ex. 9. Because the initial complaint was filed by UnifySCC, Davis, and Ramirez together, and their claims arise out of similar conduct in the same time period, Davis seeks to piggyback on the timely charges of Ramirez and UnifySCC.

Plaintiffs cite two cases in support of their argument that piggybacking should apply. *See* Opp. at 4–5 (citing *Berndt*, 2013 WL 4554953, at *2 and *Renati v. Wal-Mart Stores, Inc.*, No. 19-cv-02525-CRB, 2019 WL 5536206, at *11 (N.D. Cal. Oct. 25, 2019)). As the County points out, neither case applied piggybacking. Reply at 3. In *Berndt*, three plaintiffs sought to rely on the single filing rule in a non-class action. 2013 WL 4554953, at *2–3. As to one plaintiff, the court found that the claim would be time barred even if the single filing rule were applicable. *Id.* at *2. The other two plaintiffs did not meet their burden to show that they were sufficiently similarly situated to those upon whom they sought to piggyback. *Id.* at *3. As a consequence, the *Berndt* court did not apply piggybacking. In *Renati*, another non-class action, the court found that piggybacking was inapplicable because the court was also granting a motion to sever, and a plaintiff may not rely on another plaintiff's charge from an entirely separate lawsuit. 2019 WL

---

[1] Under a "worksharing agreement" between California and the EEOC, a charge filed with the CRD is deemed to have been received by the EEOC on the same day it is filed with the CRD. *See Kelly v. S.F. City & Cnty. Dep't of Pub. Health*, No. 24-cv-08568-DMR, 2025 WL 2782586, at *8 (N.D. Cal. Sept. 30, 2025).

5536206 at *11.

The Court does not find that piggybacking applies to this non-class action context. As Plaintiffs conceded at argument, "there is no citation in the Ninth Circuit to a case where a court has applied piggybacking outside the class action context." Tr. at 46:9–12. Furthermore, the County refers the Court to *Horton v. Jackson County Board of County Commissioners,* 343 F.3d 897 (7th Cir. 2003). Reply at 3. There, the Seventh Circuit observed that the single filing rule makes sense in the class action context, where "[r]equiring that every class member file a separate charge might drown agency and employer alike by touching off a multitude of fruitless negotiations." *Horton*, 343 F.3d at 900. On the other hand, in a case with few complainants, as there, the "rationale of the doctrine is attenuated to the point of nonexistence." *Id.* Here, there are only three plaintiffs, and *Horton* persuades the Court that applying the piggybacking rule would be out of step with the purpose of the doctrine. Thus, the Court will not apply the piggybacking rule to this non-class action context.

In sum, the Court concludes that neither Ramirez nor UnifySCC's administrative charges support Davis's Title VII claim under the single filing rule.

### b. Direct Administrative Exhaustion

Having determined that Davis may not piggyback on the charges of the other Plaintiffs, the Court considers whether Davis's own administrative charge with the EEOC, filed on November 12, 2025, was itself timely. Opp. at 5.

As an initial matter, Plaintiffs argue that because the vaccine mandate was lifted on September 27, 2022, the last unlawful act occurred on September 26, 2022, so the filing clock runs from that date instead. *Id.* The County contends that the "alleged unlawful act occurred when the County put him on leave" and Davis's "unsupported, illogical argument would extend the statute of limitations indefinitely." Reply at 3.

"Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "[T]ermination, failure to promote, denial of transfer, or refusal to hire are easy to identify" examples of discrete acts. *Id.* Like termination, the County's placing Davis on administrative leave is a discrete act. *See, e.g.,*

12

*Chunnui v. Peoria Unified Sch. Dist.*, No. 24-cv-00503-PHX-MTL, 2024 WL 4858383, at \*4 (D. Ariz. Nov. 21, 2024) (holding that the school district's grant of administrative leave and investigation of the plaintiff constituted "discrete, purportedly discriminatory acts" that were "no longer actionable").  Thus, Davis's exhaustion clock runs from November 1, 2021, the day he was placed on leave.

As a consequence, Davis's argument is unavailing.  Davis had 300 days from November 1, 2021, to file his EEOC charge.  The class claims in this case were first asserted on August 23, 2022, in connection with the filing of the FAC, which tolled the statute of limitations.  *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Catholic Soc. Servs. v. I.N.S.*, 232 F.3d 1139, 1146–47 (9th Cir. 2000).  Thus, by the time class action tolling began, 295 days of the 300-day window had already elapsed.  The class was decertified on May 21, 2025, so the statute of limitations clock began running again the following day, when Davis had only five days remaining.  But Davis did not file his EEOC charge until November 12, 2025, long after that five-day window had closed.  Byrd Decl. Ex. 12.

Finally, to the extent that Davis contends that UnifySCC exhausted his remedies for him, that argument is unavailing.  Under the EEOC's regulations, a "charge on behalf of a person claiming to be aggrieved may be made by any person, agency, or organization."  29 C.F.R. § 1601.7(a).  However, the organization making such a charge "must provide the Commission with the name and contact information of the person on whose behalf the charge is made."  *Id.* Plaintiffs' evidence does not demonstrate that UnifySCC complied with that requirement.  At the hearing, Plaintiffs' Counsel also confirmed that no individuals were named in UnifySCC's charge. Tr. at 31:18–19 (citing Byrd Decl. Ex. 5).

\*\*\*

The County has met its initial burden to show that Davis did not timely exhaust his administrative remedies directly or pursuant to the single filing rule.  Plaintiffs do not submit any additional evidence creating a dispute of material fact as to Davis's administrative exhaustion. Accordingly, the Court will grant summary judgment as to Davis's Title VII claim.

United States District Court
Northern District of California

13

## 2. Maria Ramirez

Turning to Ramirez's Title VII claim, all agree she took the following steps: she (1) filed a charge with the EEOC on February 16, 2022; (2) filed her original complaint in the instant case on February 18, 2022; (3) received a right to sue letter from the EEOC for her Title VII claim on February 25, 2022; and (4) filed an amended complaint with a Title VII claim on August 23, 2022. Byrd Decl. Ex. 9; ECF Nos. 1, 55.

The County argues that because Ramirez filed her Title VII claim 179 days after receipt of her right to sue letter (rather than within the 90-day window), she failed to comply with the statutory deadline. Mot. at 5. Plaintiffs contend that because Ramirez's original complaint contained a FEHA claim, which arose out of the same conduct alleged in the later-filed Title VII claim, the Title VII claim is timely because it relates back. Opp. at 4. On reply, the County urges that even if the Title VII claim relates back to the February 18, 2022, filing of the initial complaint, it would still be untimely because Ramirez had not yet received her right to sue letter by that date. Reply at 2.

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). "An amended claim arises out of the same conduct, transaction, or occurrence if it 'will likely be proved by the same kind of evidence offered in support of the original pleading.'" *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)).

The County does not dispute Ramirez's argument that her Title VII and FEHA claims arise from the same conduct, rely on related legal analysis, and will ultimately revolve around the same evidence. Moreover, Plaintiffs identify other courts in this circuit that have found that a Title VII claim can relate back to state law claims alleged in an earlier-filed complaint where they arise from the same conduct, transaction, or occurrence. *See* Pl. Supp. (citing *Daniel v. Or. Health & Scis. Univ.*, 262 F. Supp. 3d 1079, 1084 (D. Or. 2017) (finding that because the plaintiff's Title VII claims arose from the same allegations asserted in the original complaint, which included

14

United States District Court
Northern District of California

only state law claims, the federal claims related back to the filing date of the original pleading, which was within the 90-day statutory period) and *Abikar v. Bristol Bay Native Corp.*, 300 F. Supp. 3d 1092, 1101 (S.D. Cal. 2018) ("Other courts in this circuit have found that untimely claims of discrimination—based on the same facts as earlier, timely filed claims—related back so as to render the late claims timely.")).  Accordingly, the Court agrees with Ramirez that the Title VII claim relates back to the February 18, 2022, filing date of the original complaint under Rule 15(c).

The County asserts that relation back will not save the Title VII claim because the filing date of the original complaint *predates* Ramirez's receipt of the EEOC right-to-sue letter and thus falls outside of the 90-day statutory period.  Reply at 2.   The County refers the Court to *Chris v. Carpenter* in support of this argument, No. 21-cv-00924-SB, 2023 WL 2542010 (D. Or. Jan. 11, 2023), *F&R adopted,* 2023 WL 2537840 (D. Or. Mar. 16, 2023).  There, the plaintiff argued that her state law discrimination claims related back to the Title VII claim alleged in her original complaint.  *Id.* at *5.  However, because the plaintiff had not yet received the right to sue letter from the state agency at the time the original complaint was filed, relation back did not render her state claim timely.  *Id.*  The court reasoned that "she could not have included her state claims in her original complaint" because her state administrative charge was still pending at that time.  *Id.*  The Court finds that Plaintiffs' reliance on *Chris v. Carpenter* is misplaced, because the *Chris* court relied on particularities in Oregon law in finding that relation back was not allowed.  The court explained that if the state discrimination claim had been asserted in the original complaint, the plaintiff "would receive the benefit of asserting state discrimination claims simultaneously in a civil action and with [the state agency], which the [Oregon] law clearly prohibits."  *Id.*  Such jurisdictional requirements are not present here, so *Chris* is not applicable.

Moreover, Plaintiffs cited *Adetuyi v. City and County of San Francisco*, 63 F. Supp. 3d 1073 (N.D. Cal. 2014) in support of the proposition that prematurely filing a Title VII claim is not necessarily fatal to the cause of action.  Tr. at 34:19–23.  The *Adetuyi* court explained that the plaintiff's failure to obtain an EEOC letter prior to suing could be cured so long as a right-to-sue letter is obtained before trial.  63 F. Supp. 3d at 1082.  Indeed, "[a] Title VII complainant may file

an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing." *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.1 (9th Cir. 1990).  Here, "[t]here is no such evidence." *Id.*

Because Ramirez's Title VII claim relates back to the filing of the original complaint and all agree she has received her EEOC right to sue letter, Byrd Decl. Ex. 9, the Court finds that the County has failed to demonstrate that undisputed facts establish that Ramriez has failed to exhaust her administrative remedies.  The County's summary judgment motion is accordingly denied to the extent it seeks dismissal of Ramirez's Title VII claim.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the County's Motion for Summary Judgment, ECF No. 220, is GRANTED IN PART and DENIED IN PART as follows:

(1) The County's Motion for Summary Judgment as to the FEHA claim is GRANTED.

(2) The County's Motion for Summary Judgment as to Davis's Title VII claim is GRANTED.

(3) The County's Motion for Summary Judgment as to Ramirez's Title VII claim is DENIED.

Dated:  February 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge