United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

UNIFYSCC, et al.,

           Plaintiffs,

    v.

SARA H. CODY, et al.,

           Defendants.

Case No.  22-cv-01019-BLF

**ORDER GRANTING PLAINTIFFS'
ADMINISTRATIVE MOTIONS TO
SEAL**

[Re: ECF Nos. 252, 258]

Before the Court are two administrative motions.  The first is Plaintiffs' administrative motion to seal portions of Plaintiffs' Motion *in Limine* No. 1 and exhibits filed in connection therewith.  ECF No. 252.  The second is Plaintiffs' administrative motion to seal certain exhibits. ECF No. 258.  Defendant Santa Clara County has not opposed either motion.  For the reasons that follow, both administrative motions are GRANTED.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## II.   ECF NO. 252

Plaintiffs seek to seal Exhibits 1 and 2 to the Declaration of Rachele R. Byrd in Support of Plaintiffs' Motions *in Limine* Nos. 1–2 ("Byrd Declaration") (ECF No. 251) and portions of Plaintiffs' Motion *in Limine* No. 1 (ECF No. 249). ECF No. 252 at 1. They contend that the materials identified in the administrative motion—which consist of Plaintiff Tom Davis's tax information—are sealable pursuant to California's statutory privilege against disclosing tax returns. *Id*.

As an initial matter, Plaintiffs assert that the "good cause" standard applies to this administrative sealing motion. *Id.* The Court disagrees. The sealing request relates to a motion *in limine*, which the Court finds is "more than tangentially related to the underlying cause[s] of action," so the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Plaintiffs identify because they contain sensitive financial information. Indeed, "[c]ourts routinely find it appropriate to redact or seal documents containing sensitive information involving tax returns." *Aguiluz v. Flowers Foods, Inc.*, No. 23-cv-05712-SPG-PVC, 2024 WL 5251179, at *19 (C.D. Cal. Dec. 17, 2024) (collecting cases); *see also Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2023 WL 8812871, at *2 (N.D. Cal. Dec 20, 2023); (sealing tax returns because they "contain[ed] highly sensitive and personally identifiable information"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 249 / ECF No. 252-4 | Plaintiffs' Motion *in Limine* No. 1 to Exclude Evidence, Argument, or Testimony Concerning Plaintiff Tom Davis's Tax Returns for 2022–2024 | Highlighted portions at 1:8-10; 1:12-13; 1:13- 14; 2:25-27; 3:2; 3:3; 3:5; 3:12; 3:14; 3:18- 19; 4:1-5; 4:8; 4:15-16; 4:19; 4:9; and 4:17. | GRANTED as containing sensitive personal financial information. |
| ECF No. 251-1 / ECF No. 252-2 | Byrd Decl. Ex. 1, Thomas Davis 2022, 2023, and 2024 Tax Returns | Entire document. | GRANTED as containing sensitive personal financial information. |
| ECF No. 251-2 / ECF No. 252-3 | Byrd Decl. Ex. 2, Excerpts from October 21, 2025 Deposition of Thomas Davis, Vol. II | Entire document. | GRANTED as containing sensitive personal financial information. |

## III.   ECF NO. 258

Plaintiffs request to seal Exhibit 4 to the Byrd Declaration (ECF No. 256) and Exhibit 8 to Amended Appendix A to the Joint Pretrial Statement (ECF No. 257).  ECF No. 258 at 1. Plaintiffs argue that the materials identified in the administrative motion—which consist of Plaintiff Tom Davis's tax information—are sealable pursuant to California's statutory privilege against disclosing tax returns. *Id*.

Plaintiffs likewise assert that the "good cause" standard applies to this administrative sealing motion. *Id.*  The Court again disagrees.  The sealing request relates to a motion *in limine* and the parties' joint pretrial statement, which the Court finds is "more than tangentially related to the underlying cause[s] of action," so the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.  The Court finds that compelling reasons exist to seal the materials Plaintiffs identify because they contain sensitive financial information.  Indeed, "[c]ourts routinely find it appropriate to redact or seal documents containing sensitive information involving

tax returns." *Aguiluz v. Flowers Foods, Inc.*, No. 23-cv-05712-SPG-PVC, 2024 WL 5251179, at *19 (C.D. Cal. Dec. 17, 2024) (collecting cases); *see also Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2023 WL 8812871, at *2 (N.D. Cal. Dec 20, 2023); (sealing tax returns because they "contain[ed] highly sensitive and personally identifiable information"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 256 / ECF No. 258-3 | Byrd Decl. Ex. 4, Exhibit 101 to the deposition of Mr. Karl Erik Volk, M.A. | Page 20, paragraph 15 between "$38,653" and "Based on". | GRANTED as containing sensitive personal financial information. |
| ECF No. 257-8 / ECF No. 258-4 | Expert Report of Mr. Karl Erik Volk, M.A | Page 20, paragraph 15 between "$38,653" and "Based on". | GRANTED as containing sensitive personal financial information. |

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiffs' administrative motion to seal regarding Motion *in Limine* No. 1, ECF No. 252, is GRANTED.

(2) Plaintiffs' administrative motion to seal certain exhibits, ECF No. 258, is GRANTED.

Dated:  April 7, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4