UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA RAMIREZ, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>SANTA CLARA COUNTY,<br><br>    Defendant. | Case No.  22-cv-01019-BLF<br><br>**ORDER REGARDING THE COUNTY OF SANTA CLARA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 271] |

Before the Court is the County of Santa Clara's (the "County") administrative motion to consider whether another party's material should be sealed. ECF No. 271. Plaintiffs have filed a statement in support of sealing, in which they propose narrower redactions than those identified by the County. ECF No. 282. The County has not filed an opposition. For the reasons set forth below, the County's motion is GRANTED as narrowed by Plaintiffs.

I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II.    DISCUSSION

Plaintiffs request to seal portions of the County's Opposition to Plaintiffs' Motion *in Limine* No. 1 and exhibits attached thereto. ECF No. 282. They seek to seal materials that, they contend, contain "sensitive financial information" pertaining to Plaintiff Tom Davis's tax returns. *Id.* at 1. As the sealing request relates to a motion *in limine*, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Plaintiffs identify because they contain sensitive financial information. Indeed, "[c]ourts routinely find it appropriate to redact or seal documents containing

2

United States District Court
Northern District of California

sensitive information involving tax returns." *Aguiluz v. Flowers Foods, Inc.*, No. 23-cv-05712-SPG-PVC, 2024 WL 5251179, at *19 (C.D. Cal. Dec. 17, 2024) (collecting cases); *see also Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2023 WL 8812871, at *2 (N.D. Cal. Dec 20, 2023); (sealing tax returns because they "contain[ed] highly sensitive and personally identifiable information"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 263 / ECF No. 271-2 | The County's Opposition to Plaintiffs' Motion *in Limine* No. 1 to Exclude Evidence, Argument or Testimony Concerning Tom Davis's Tax Returns for 2022–2024 | Page 2, line 16; Page 3, lines 22–23; Page 3, line 26 to Page 4, line 1; Page 4, lines 3–5, 18–20. | GRANTED as containing sensitive personal financial information. |
| ECF No. 263-3 / ECF No. 271-3 | 2025-09-04 Plaintiffs' Confidential Responses to Defendant County of Santa Clara's Fourth Set of Interrogatories | Entire document. | DENIED because no party requests sealing. |
| ECF No. 263-4 / ECF No. 271-4 | 2025-11-17 Volk Report | Page 20, paragraph 15 between "$38,653" and "Based on." | GRANTED as containing sensitive personal financial information. |
| ECF No. 263-5 / ECF No. 271-5 | 2025-10-15 Thomas Martin Davis Vol II pp 156-158 | Page 156, lines 10–11, 16–25; Page 157, lines 2–3, 14–21, 25; Page 158, lines 1–2. | GRANTED as containing sensitive personal financial information. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the County's administrative motion to consider whether another party's material should be sealed, ECF No. 271, is

GRANTED as narrowed by Plaintiffs at ECF No. 282.  The County SHALL refile public versions of each document where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions on or before **April 24, 2026.**

Dated:  April 14, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California